The bill of complaint in this matter is filed by the Hudson Trust Company, which is the executor and trustee under the last will and testament of Annie J. Grant, deceased, for directions or instructions by this court as to whether or not *Page 131 
it, as trustee, would be warranted in paying to Donald Grant, for whom it holds a trust fund, a portion or all of the trust fund remaining in its possession. The fund in question is founded upon a provision contained in the last will and testament of Annie J. Grant, who is the mother of Donald Grant. The second clause of her will, which bears date March 31st, 1923, provides a bequest and devise to her three sons, Charles N. Grant, Archibald McInness Grant and Donald Grant. She leaves to her three sons all her estate, real, personal or mixed to be divided between them equally share and share alike, except that the share apportioned to her son Donald is to be transferred to the Hudson Trust Company of West Hoboken, New Jersey, to be held by it in trust for her son Donald during his natural life. The principal of such fund is required to be invested in safe interest bearing securities and the income thereof paid to Donald in quarter-annual installments. It is provided also in said clause of the will that the Hudson Trust Company as trustee is authorized and directed in the event of the testatrix's son Donald being indisposed and incapable of earning his own support, to use and apply any portion or all of said trust fund remaining in its charge toward the support and maintenance of said son. The clause also contains a provision authorizing the son Donald to designate the beneficiary or beneficiaries of any remaining portions of the trust fund after his death. It is urged herein that by reason of Donald having lost two fingers from his right hand, which fingers were severed as a result of some happening undisclosed, that he comes now within the terms of the clause of the will which I have just read whereby he would be entitled to the use of a portion or all of the trust fund rather than merely the income therefrom. As I have indicated to counsel in argument, a last will and testament is a solemn instrument, the sanctity of which ought not to be lightly regarded. The testatrix apparently had in her own mind some reason sufficient to warrant her in differentiating her son Donald from her other two sons, Charles N. Grant and Archibald McInnes Grant. For aught the court knows Donald may have been a ne'er-do-well son whom the testatrix *Page 132 
felt she should protect against himself. She may have regarded him as a spendthrift and because thereof she was actuated in making such provision in the will as made by her. I observed Donald Grant when he was on the witness stand; he appeared to me to be a fairly healthy specimen of manhood; he appeared to me to be a man about forty-two years of age — I don't know what his age is, it has not been disclosed; he testified that his mother has been dead approximately five years; that he has not done any work of any particular account for the past twenty-two months. He says he has done occasional work, some of it as a longshoreman. He has not disclosed what work he did for the first three years after his mother's death, nor has he disclosed the particular time when he lost his two fingers. The proofs here show that as a result of his having lost his two fingers he came into possession of a sum of money, the exact amount of which was not disclosed. He received compensation, presumably under the so-called Workmen's Compensation act. He cashed in on a soldiers' bonus certificate and thus obtained $321. He did not sell the certificate — he borrowed $321 on it. How much the whole certificate calls for I am not informed. He has been receiving income of $82.50 quarterly from the trust fund; at least that is the amount he received for the last quarter-year from the Hudson Trust Company. He received moneys from occasional occupations he was engaged in. He says he is required to pay his aunt $11 a week board. His aunt is a very old lady. He has a brother living in the same household with him and his aunt. Counsel for Donald has indicated in argument that because of the loss of the two fingers of the right hand Donald is incapable of performing manual labor so as to earn his own support. I know many men who have suffered the loss of fingers and are employed in gainful occupations. I know of many men who have suffered the loss of limbs and are engaged in gainful occupations. He said he used to drive a heavy Mack truck. There are many people minus some fingers who are driving automobiles and trucks today; but he says that his employment as truck driver required him to handle a cotton hook. I am *Page 133 
sure he can handle a cotton hook nearly as well to-day as he did before, even though he has lost two fingers. He said he could not close his hand sufficiently to grab hold of a cotton hook. I am convinced he could take hold of the handle of a cotton hook so as to enable him to use same. There are lots of jobs this man can work at if he would. As I suggested to counsel in argument, he could get a job as a watchman in a factory or elsewhere. He could also get a job as a door tender or doorman at some big apartment house. There are lots of jobs this man can do even though he has lost two fingers. The trustee in this case is a well known banking institution of the county of Hudson and its directorate is composed of men whom I regard as the peer of any in financial circles of the county. The Hudson Trust Company has been operated as a financial institution far better than many other financial institutions hereabout. Such operation must be attributable to good judgment exercised by the directors of the institution. It seems to me that instead of the Hudson Trust Company undertaking to place upon the court the question as to whether or not Donald Grant comes within the provision of the clause of the will relating to his being indisposed, and that his indisposition has resulted in his being unable to earn his support, that the trustee's directors may readily exercise their good judgment in the premises. However, inasmuch as the question is presented to the court it will now be determined. I have in mind the doctrineejusdem generis which I regard as applicable. The words "incapable of earning his support" relate to Donald Grant beingindisposed and such indisposition does not merely mean a lack of desire to work or inability to obtain employment, but means in my judgment an indisposition occasioned by illness or accident which incapacitates from earning a livelihood. It has been said that Donald's aunt is a very old woman with whom he has been living a good many years. She is not likely to be with him for many years. When she passes out and goes to the realm beyond Donald will be thrown upon his own resources. There are many men to-day who are fathers of families who find themselves in the predicament *Page 134 
in which Donald Grant finds himself in, that is, being out of employment, but those men manage to eke out an existence. I am convinced that if Donald Grant will just extend himself a little bit he will be able to find some means of employment which will enable him to realize sufficient to pay his board and provide himself with his customary wants. The trustee, and this court as well, must be just before it is generous. Neither has a right to practically set aside the provision of the will in question and thus enable Donald Grant to avail himself of the principal of the trust fund which the testatrix set aside for his benefit. There may come a time in Donald's life when he will be ill and confined to his bed; there may be a time when through accident he may be incapacitated and unable to earn a livelihood for himself. It seems to me from a reading of the provision of the will in question such may be what the testatrix had in mind when she inserted such provision in her will. It has been repeatedly held that this court cannot substitute its judgment for the judgment of a testatrix; that the will must be read from its four corners and construed as an entirety. I experience no difficulty in the case before me. Wills do at times present problems that require construction and in such cases a trustee is undoubtedly privileged to apply to the court for a construction thereof in order to relieve the trustee from exercising its own judgment. I am convinced that the clause of the will in question does not carry with it the effect which counsel for Donald Grant undertakes to present to the court. We cannot use the word "indisposed" separate and apart from the words "and incapable of earning his own support." The conjunctive word "and" is there and must be used in connection with the other words. Complainant's bill of complaint says: "Complainant is prepared to pay over a portion of the corpus of said trust fund for the support and maintenance of the said Donald Grant, but is in doubt as to whether it has the power to do so, and whether the said Donald Grant is at the present time `indisposed and incapable of earning his support' as provided in said second clause of said will, and cannot safely proceed to pay a portion of the corpus of said trust *Page 135 
fund for such support and maintenance, without the direction of this court." The second prayer of the bill is: "That this court may direct complainant as to whether the said Donald Grant is at the present time `indisposed and incapable of earning his support' as provided in the second paragraph of said will, and whether complainant should use a portion of the corpus of said trust fund for the support and maintenance of the said Donald Grant, and if so, what portion thereof." It is my determination that the trustee is unauthorized to give to Donald Grant any portion of the principal of the trust fund which is now in its possession, and that no proof has been presented to the court that Donald Grant is "indisposed and incapable of earning his support" within the provision of the clause of the will in question. I will therefore advise a decree dismissing the bill.