The bill of complaint herein prays leave for complainant to file in this court its account as executor and trustee, for approval of said account by this court, and for instructions as to its duty as trustee under paragraphs 2 and 3 of the last will and testament of Maria Flora, deceased. By order of June 30th, 1933, complainant was allowed to file its account in this court. Said account was referred to a special master for examination, audit and report. The master's report, filed July 17th, 1933, showed that he examined said account, found same true in all respects, and recommended its approval as stated and filed. No exceptions or objections were filed against said master's report. The account, by order of the court, was duly approved. Paragraph 2 of testatrix's will provides inter alia: "* * * At any time during the lifetime of my said son, should he become incapacitated, because of serious illness or other extraordinary circumstances, and his condition in the judgment of said trustee, requires the use of money in excess of such net income, then and in any such event and during such incapacity of my said son, I authorize and empower said trustee, to use and employ such portion of the corpus of said trust estate, as may be necessary to meet the requirements of my said son, while he is so incapacitated." The proofs herein show that during the summer months of each year subsequent to his mother's death, and for a number of years prior thereto, defendant Joseph Flora engaged in business as a concessionaire at carnivals, circuses and the like. He claims he has been unable to obtain employment throughout the months of the year other than those in which he is engaged as concessionaire aforesaid, and attributes his inability to obtain employment to the general economic depression *Page 137 
existing for the past few years. His appearance as a witness in court indicated to me that he is a healthy specimen of manhood — well able to perform any sort of manual labor, and mentally alert. He indicated by his testimony and manner that he was not anxious to work at ordinary business affairs, but was content to continue in the kind of business which he was accustomed to follow during summer months, and indulge in a life of indolence throughout other months of the year. He allows his wife to engage in menial service from which she derives a meagre wage. He conceived the idea that the clause in his mother's will providing that should he become incapacitated, because of serious illnessor other extraordinary circumstances, entitled him, because of his alleged inability to obtain employment during months of the year when he was not following his customary summer months' business, to require the complainant, as trustee of his mother's will, to appropriate to his use for living expenses part of thecorpus of his mother's estate. His claim is untenable. The words incapacitated and incapacity employed by testatrix in paragraph 2 of her will were doubtless intended to relate to physical or mental disability or to disability resulting from infirmity or disease rendering her son incapable of earning his own livelihood. No proof thereof has been presented to the court. In Hudson Trust Company, Executor, c., v. Donald Grant,114 N.J. Eq. 130, determined by me in October, 1932, the son of the testatrix whose will was in question sought to require the trustee named therein to pay towards his support and maintenance part of the corpus of her estate because he had suffered the loss of two of his fingers, basing his claim therefor on a clause of the will which provided that in the event he became "indisposed and incapable of earning his own support" the trustee was authorized and directed to apply any portion or all of the trust fund in its charge towards his support and maintenance. I held that the words "incapable of earning his own support" related to his being indisposed and that such did not merely mean a lack of desire to work or inability to obtain employment, but an indisposition *Page 138 
occasioned by illness or accident which incapacitated him from earning his own livelihood. Paragraph 3 of testatrix's will provides: "I direct my said trustee to pay all of the expenses required for carrying any real property I may own at the time of my death, including any dwelling house and premises embraced in my said real property and actually occupied with my consent, by my said son, Joseph Flora, at the time of my death, he to have the privilege of continuing in the occupancy of any such dwelling house and premises for and during his natural life and so long as he may desire to occupy the same without the payment of rent. Upon his ceasing to occupy said dwelling house during his lifetime, then in any such event, the same shall be dealt with by my said trustee, as the rest of said trust estate." The proofs herein show that the defendant Joseph Flora made claim upon the complainant herein for payment from the corpus of the estate entrusted to it under his mother's will of bills for gas, electricity, coal and water used in and upon the dwelling house and premises occupied by him under the aforesaid provision of his mother's will. Such claim was not stressed by his counsel at the hearing of the cause, nor was it made mention of in a memorandum-brief submitted to me after the hearing, but in order to obviate further question thereof in the future I deem it advisable to determine herein, and I now determine, that the complainant cannot be required to make payment of either of such items as expenses for carrying the property aforesaid, nor is it authorized so to do. The complainant is obliged, however, to pay as expenses required for carrying the dwelling and premises occupied by testatrix's son, premiums for fire insurance, and municipal taxes, for so long a time as said defendant occupies the dwelling house and premises.
I will advise a decree instructing the complainant in accordance with the conclusions aforesaid. *Page 139