HAYES WOOD, as Tax Collector of Dade County, Florida, v. RICHARD F. FORD

3 So. (2nd) 490
En Banc
Opinion Filed July 11, 1941
Rehearing Denied August 1, 1941

*J. Tom Watson,* Attorney General, *Lawrence A. Truett,* Assistant Attorney General, and *Melbourne L. Martin,* for Appellant.

*Copeland & Therrell,* for Appellee.

WHITFIELD, J.—On this appeal from a final decree enjoining the collection of taxes for 1939 upon certain intangible personal property, the defendant-appellant presents the following statement of question involved:

*Question:* Where the owner of a life estate in the income from certain intangible personal property is domiciled in Florida and the said intangible personal property is held in trust in the State of New York for

the benefit of the owner of the life estate, the *cestui* having the power of appointment by will, is such a life estate taxable in Florida under the Intangible Personal Property Taxation Act of 1931?"

Amended Section 1, Article IX, of the Florida constitution requires the legislature to provide for a uniform and equal rate of taxation (except that the rate of taxation upon intangible property shall not exceed five mills on the dollar of the assessed valuation of such intangible property) and shall prescribe such regulations as shall secure *a just valuation of all property,* both real and personal, excepting such property as may be exempted by law for stated purposes.

Pursuant to such organic requirements, statutes provide that:

"All real and personal property in this State and all personal property belonging to persons residing in this State not hereby expressly exempted therefrom, shall be subject to taxation in the manner provided by law."   Sec. 893 (694) C. G. L.

"Every person . . . owning . . . intangible personal property in this State which is subject to taxation under the laws of Florida" shall make return of such property for taxation, etc.   Sec. 8 Ch. 15789, Acts of 1931, Extra Session.

The statute defines "intangible personal property" as "all personal property which is not in itself intrinsically valuable but which derives its chief value from that which it represents."   Sec. 2, Chap. 15789, Acts of 1931, Extra Session.

The statute of this State upon the subject of taxing intangible personal property is not as detailed as those of Pennsylvania and other States, but the Florida statute is broad and comprehensive, and when inter-

preted and applied under the provision of the constitution, includes *all personal property,* tangible and intangible, that may legally have a taxing *situs* in this State. See City of St. Albans v. Avery, 95 Vt. 249, 114 A. 31, Fonda v. City of St. Albans, certiorari denied, 257 U. S. 640.

The record on this appeal does not contain a copy of the tax assessment here involved, as made in Dade County, Florida; but the bill of complaint alleges:

"That the Tax Assessor of Dade County, Florida, for the year 1939 did assess and value the intangible personal property of the plaintiff at Fifty-four Thousand Three Hundred Dollars ($54,300.00), and levied upon said assessed valuation and against the plaintiff, a tax of two (2) mills for the year 1939, . . . ."

"That the plaintiff filed in the office of the Tax Assessor of Dade County, Florida, for the taxable year 1939, his duly verified return of all intangible personal property belonging to the plaintiff; that the only intangible personal property listed in said return was a Seven Hundred Dollar ($700.00) deposit in a New York bank. Plaintiff says that he has not paid the intangible personal property tax on said deposit, but is ready, able and willing and offers to pay the same when directed by the Court."

The deed of trust states that the bonds constituting the principal of the trust fund "are of the approximate present market value of $100,000.00."

The challenge goes to the power of the State of Florida to tax any part of or interest in the intangible trust property, owned by the appellee Ford.

The deed of trust, quoted from in the statement, was executed in New York State, the domicile of the donor and of the trustee. It provides for, and the law

recognizes, distinct and separate legal and equitable rights or interests in the trust fund, consisting of intangible personal property represented or evidenced by bonds of private corporations which presumably are negotiable. Each separate and distinct right or interest in the trust fund may be appropriately taxed. Curry vs. McCanless, 307 U. S. 357, 59 Sup. Ct. 900, 83 L. Ed. 1339, 123 A. L. R. 162, and cases cited. The donor or grantor reserved no interest or rights with reference to the trust property. The trust is irrevocable. The domicile of the *cestui que* trust was not mentioned or in any way restrained; nor was the inherent power of the adult *cestui que* trust to alienate his interest in the trust fund restrained by the deed of trust.

The trustee is given the legal title to and the right to the possession of, the bonds, with the right to administer the fund "for the sole benefit, support and maintenance of Richard Franklin Ford, son of the Grantor, during his lifetime," the said Richard being given the power of appointment by will. This necessarily vests in the *cestui que* trust now domiciled in Florida a present beneficial equitable estate, right or interest in the trust property, Blair v. Commissioner, 300 U. S. 5, 57 Sup. Ct. 330, 81 L. Ed. 465, for his sole use and purposes during his life, with the power of appointment by will of the entire property. See Secs. 183 and 263 of 2 Bogert on Trusts and Trustees; Sec. 130 *et seq.,* 1 Scott on Trusts. See also Judge Stone's article, 17 Columbia Law Review 467.

All parties having interests in, or relation to, the trust property are subject to applicable controlling law and the *cestui que* trust takes his bounty *cum onere.*

It does not appear that the legal right and interest

of the trustee in the trust funds has been taxed, if it may be appropriately taxed, at the trustee's domicile. But the separate and distinct equitable estate, rights and interests that are vested in the *cestui que* trust by the trust deed under the law is intangible personal property owned by the *cestui que* trust, which may be appropriately taxed in Florida against the resident *cestui que* trust upon the basis of the organic *"just valuation" of the present equitable property rights and interests* in the trust funds are *vested in* the *cestui que* trust beneficiary, Richard Franklin Ford. Such appropriate taxation is a sovereign right of the State when, as in this case, no provision of the Federal or State constitutions is thereby violated. Taxation of intangible personal property is expressly authorized by the State constitution and statutes, and appropriate tax under the rule stated above does not violate the Fourteenth Amendment of the Federal Constitution or other controlling law. See Commonwealth v. Sutcliffe, 283 Ky. 274, 140 S. W. (2nd) 1028; Curry v. McCanless, 307 U. S. 357, 59 Sup. Ct. 900, 83 L. Ed. 1339, 123 A. L. R. 162.

The intangible personal property rights and interests of the adult *cestui que* trust has a *situs* for proper taxation at his domicile where he has the protection and privileges afforded by the government of the State of Florida. This is so even though the bonds representing or evidencing the intangible personal property of the trust fund are held and administered by the trustee at his domicile in New York, since the interest of the *cestui que* trust in the intangible personal property constituting the trust fund is intangible personal property belonging to the *cestui que* trust and such intangible personal property does not appear to have

been, by the use of it or otherwise, given a taxation *situs* other than that of the domicile of its owner, the *cestui que* trust. The domicile of its owner is the *situs* which in general is given to such intangible personal property by the law. Hunt v. Turner, 54 Fla. 654, 45 So. 509. Such intangible personal property interest is ".personal property belonging to a person residing in this State,". and is subject to taxation in the manner provided by law. Sec. 893 (694) C. G. L. Section 1, Article IX, requires "*all property, both real and personal,* to be given "*a just valuation*" for taxation, except such property as may be exempted by law. Intangible property is personal property for taxation purposes.

The equitable right or interest of the Florida domiciled *cestui que* trust in the intangible trust fund is intangible personal property, with a taxation *situs* at the domicile of such equitable owner in this State, which is taxable under Chapter 15789, Acts of 1931, Extra Session, upon the basis of the "just valuation" (Sec. 1, Art IX, Constitution) of the property right or interest of the owner *cestui que* trust in the intangible personal property held in trust for his benefit. The *cestui que* trust owner is domiciled in Dade County, Florida. See Hunt v. Turner, 54 Fla. 654, 45 So. 509; Starkey v. Carson, 138 Fla. 301, 189 So. 385; Commonwealth v. Stewart, 338 Pa. 9, 12 A. (2nd) 444, affirmed in Stewart v. Commonwealth, 312 U. S. 649, 61 Sup. Ct. 445, 85 L. Ed. 1101. See also Maguire v. Trefry, 253 U. S. 12, 40 Sup. Ct. 417, 64 L. Ed. 739; Blodgett v. Silberman, 277, U. S. 1, 48 Sup. Ct. 410, 72 L. Ed. 749; City of St. Albans vs. Avery, 95 Vt. 249, 114 A. 31; Certiorari denied 257 U. S. 640, 42 Sup. Ct. 51; 66 L. Ed. 411; 61 C. G. L. 192-210.

In the Beardsley case, 77 Fla. 803, 86 So. 846, no trustee or beneficiary of the trust property was domiciled in the county where the intangible property was assessed for ad valorem taxes. See also Safe Deposit & T. Co. v. Virginia, 280 U. S. 83, 50 Sup. Ct. 59, 74 L. Ed. 180, where the *whole corpus* of the intangible personal property was assessed in Virginia to the trustee domiciled in Maryland and holder of the legal title with possession for administrative purposes.

In Brooke v. Norfolk, 277 U. S. 27, 48 Sup. Ct. 422, 72 L. Ed. 767, the assessment was of the *whole corpus* of the trust fund against the life tenant beneficiary after the payment of the State income tax thereon, by the beneficiary.

In Baltimore v. Gibbs, 166 Md. 364, the *entire value of the corpus* of the trust property was taxed in the State where the trustee was domiciled and the property was held for administration; and it was held that taxation of a portion of the value of the same *corpus* in Maryland where the *cestui que* trust was domiciled, would be invalid double taxation.

THE DECREE IS REVERSED AND THE CAUSE IS REMANDED FOR APPROPRIATE PROCEEDINGS.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS AND ADAMS, J. J., concur.

### ON MOTION FOR REHEARING

WHITFIELD, J.—When the State has the power to tax, such taxation may be by means of excise or by ad valorem levies upon just valuation of property as the law provides.

The constitution and statutes of this State authorize ad valorem taxation upon "the just valuation" of "intangible personal property," which is by the statute

defined to be "all personal property which is not in itself intrinsically valuable but which derives its chief value from that which it represents."

In this case the tax is not upon the bonds of the trust fund but upon the property interest of the appellee, a citizen of Florida, in the trust fund consisting of intangible personal property represented by bonds which are not exempt from taxation.

Unless otherwise provided by law, intangible personal property is taxable at the domicile of its owner, except where such intangible personal property has by its use or otherwise acquired a business *situs* for taxation purposes at another place. One who has a vested beneficial interest in intangible personal property may be regarded as an owner of the property for authorized taxation purposes to the extent of "the just valuation" of the property interest of such owner.

The "intangible personal property" being taxed is *the right, interest or estate of the appellee in the trust fund* consisting of intangible personal property—industrial bonds—which are held in New York by the trustee there domiciled and having the legal title to the bonds without any beneficial interest and with authority only to administer the trust fund as directed in the deed of trust for the sole benefit of the single beneficiary or *cestui que* trust having a life estate with authority to devise the corpus of the trust fund, such life tenant with power of appointment by will being domiciled in Dade County, Florida. The beneficial interest vested in the appellee beneficiary of the trust fund, is a valuable property interest which is by the deed of trust under the law made a separate and distinct property right, interest or estate, from the legal title and authority to hold and administer the trust

fund which the deed of trust vests in the trustee in trust.

The deed of trust permits but does not require the trust fund bonds to be held in New York by the trustee. The taxing *situs* of the property rights of the beneficiary or *cestui que* trust may be different from the taxing *situs* of the trustee's legal title property rights in the trust fund.

The holding of the trust fund industrial bonds by the trustee in New York is not for any business purposes whatever except for safe convenience in administering the trust fund as required by the trust deed for the benefit of the beneficiary, appellee here. The trustee is authorized to keep the trust fund invested and also safe and productive; but not to engage in any business whatever with the trust fund.

The bonds constituting the trust fund are intangible personal property and the beneficiary's interest therein is likewise intangible personal property, the beneficiary's interest in the trust fund being separate and distinct from that of the trustee. The trust deed and the trust fund bonds which evidence or represent the rights of the parties and the values of the trust fund bonds, are not in themselves "intrinsically valuable but derive" their "chief value from that which" they "represent", as expressed by the taxing statute. Such interest of the beneficiary is one of separate ownership of individual property rights, which property rights are subject to taxation under this statute.

As the beneficiary of the trust fund has a life estate with power to devise the trust fund, he is in equity at least the real beneficial owner of the trust fund (after costs of administration are paid), which trust fund is "intangible personal property"; and as such trust fund

has not, by the trust deed or by the business use of such trust fund or otherwise, acquired a legal taxation *situs* in New York or elsewhere; and as the domicile of the adult beneficiary of the trust fund is in Florida, the taxing situs *of the interest of the beneficiary* in the trust fund is at his domicile in Florida.

Though the trust fund bonds are held in New York by the trustee with legal title thereto solely for the purposes of administrating the trust fund for the benefit of the life tenant who has the power to devise the *corpus* of the intangible trust fund, such possession of the trust fund bonds in New York for administrative purposes does not control the taxation *situs* of *the beneficiary's property rights and interest* in the intangible personal property trust fund. Such interest of the beneficiary in the trust fund is distinct and separate from any rights or interest which the trustee may have in the trust fund by reason of having the bare legal title and the possession of the trust fund bonds for purposes only of administering the trust fund for the benefit of the sole beneficiary during his life, such sole beneficiary having also the right to devise the trust fund.

The property right, interest or estate of the life tenant beneficiary in the intangible personal property trust fund is a valuable ownership right in personal property "belonging to a person residing in this State," Section 893 (694) C. G. L., which has a *situs* for State taxation purposes at the domicile of the adult beneficiary, which is in Dade County, Florida. This is so even though the trustee also has some rights or interests in the trust property that are distinct from those of the beneficiary, by virtue of the legal title and administrative duties thereunder, that are vested in

the trustee under the trust deed, and even though *such interest of the trustee* that are separate from those of the beneficiary, may be taxable under the laws of New York where the trustee is domiciled.

REHEARING DENIED.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS AND ADAMS, J. J., concur.