RENATA L. MAHAN v. J. N. LUMMUS, JR., County Tax Assessor of Dade County, Florida, and EARNEST OVERSTREET, Tax Collector of Dade County, Florida.

35 So. (2nd) 725 January Term, 1948
June 1, 1948 Division A

*Hall & Hedrick,* for appellant.

*Worley, Gautier & Cannon* and *Weintraub, Martin & Schwartz,* for appellees.

SEBRING, J.:

Renata L. Mahan, formerly Renata L. Reynolds, a Florida resident, instituted a suit in equity against the Tax Assessor and the Tax Collector of Dade County, seeking a decree canceling an intangible personal property tax assessment against her beneficial interest arising under a certain trust instrument wherein she is named as beneficiary. The defendants filed their motions to dismiss on the ground that the bill of complaint was without equity, and when the cause came on for hearing the Circuit Court of Dade County entered an order granting the motions with prejudice to the plaintiff. Renata L. Mahan has taken an appeal from this final order.

The trust instrument involved in this cause was executed in the State of Michigan. The trustee under the instrument is a corporation existing under the National Bank Act, with its principal place of business in Muskegon, Michigan. The corpus of the trust is held by the trustee in Michigan, in trust for and during the lifetime of Renata L. Mahan, under the following express conditions set forth in the trust agreement:

"DISTRIBUTION OF INCOME—During the continuance of this trust, the Trustee shall remit to Renata L. Reynolds, the Donor, the net income of the trust monthly."

"DEFINITION OF 'NET INCOME'—By the terms 'Net Income' used in this instrument is intended the gross income collected by the Trustee hereunder, less all taxes, assessments, fees, costs and incidental expenses incurred or paid by the Trustee in respect of the trust estate or income therefrom. . . ."

"DISTRIBUTION OF PRINCIPAL—The trust hereby created shall continue during the natural lifetime of Renata L. Reynolds, the Donor, and upon her death shall be paid to the issue of her body surviving her, share and share alike, but issue of her body shall not include any adopted child or children, and in the event that she shall die leaving no issue of her body surviving her then the said trust estate shall be paid to Helen L. Cox, sister of the Donor, if she shall survive the said Donor, and in the event she shall not survive the said Donor then the trust estate shall be paid to such person or persons as may be entitled to the personal estate of said Helen

L. Cox according to the intestate laws of the State of Michigan then in force and in such proportion to each as said intestate laws shall specify."

"PROVISIONS AGAINST ASSIGNMENT—It is designed by this agreement to establish a trust fund, the income of which shall be applied to the maintenance and support of the beneficiary herein named or designated, and it shall not be diverted to any other purpose. It is expressly stipulated that the principal and income of the trust herein created shall be free from the interference and control of the creditors of the beneficiary herein named or designated, and neither the principal nor income shall be anticipated by assignment, pledge, order, or hypothecation or otherwise by the beneficiary hereunder. If the beneficiary shall attempt to anticipate such principal or income by assignment, pledge, order, hypothecation, or otherwise, the Trustee is authorized and empowered to withhold payment or distribution thereof until such assignment, pledge, order, hypothecation or other instrument shall be withdrawn, surrendered or cancelled, in such manner as shall be satisfactory to the Trustee. It is the intention of this agreement that payments of income or principal of the trust hereby created shall be made only to the beneficiary entitled thereto under the terms hereof, and not to. her assigns, pledgees or others. It is understood, however, that the Trustee shall not be responsible for the use of the application by the beneficiary of any sums paid to her by way of income or principal under this agreement, but her receipt to the Trustee for any payments so made shall absolve the Trustee from any further liability in connection therewith."

"IRREVOCABILITY—The trust hereby created is to be irrevocable and shall not be set aside during the period as herein stipulated for its duration, nor shall the same be subject to amendment, alteration or change."

"EMERGENCY PAYMENTS—In case the beneficiary, Renata L. Reynolds, should require sums in addition to the net income of the trust estate, as herein provided, because said Renata L. Reynolds becomes incapacitated on account of sickness, general disability, or any other reason whatsoever, to

the extent that she is unable to maintain herself; the Trustee is hereby authorized and directed to meet such emergency or emergencies, from time to time as they may arise, for the support, care, maintenance, and general welfare of the said beneficiary, and for said purpose to advance sum or sums of the principal of the trust estate as may be necessary and advisable for the purposes above described. The Trustee shall not be liable for any dimunition of the trust estate for any of the disbursements made under the provisions as in this paragraph specified, nor shall the beneficiary be required to repay such disbursements so made."

The question upon the appeal is whether the beneficial interest of the plaintiff Mahan is taxable under the intangible personal property tax laws of the State of Florida.

For the purposes of state taxation, intangible personal property is defined as "all personal property which is not in itself intrinsically valuable but which derives its chief value from that which it represents." Sec. 199.01 Florida Statutes, 1941, F.S.A. Class B intangible property is defined as "the beneficial interest of residents of Florida in trust estates of all kinds when the trustee resides outside of the State of Florida, or if the trustee is a corporation and has its principal places of business outside of the State of Florida." Sec. 199.02 (2) 1945 Supp. to Florida Statutes, 1941, F.S.A. The "beneficial interest" referred to in the statute as being subject to intangible personal property taxation means a "present vested beneficial interest" in a trust estate; and a Florida resident having such an interest may be regarded as the owner thereof for authorized taxation purposes, even though the trustee resides, and the corpus of the trust is located, outside of the State of Florida. See Wood v. Ford, 148 Fla. 66, 3 So. (2nd) 490; Burrows v. Hagerman, (Fla.) 33 So. (2nd) 34. However, if the present vested beneficial interest of a Florida resident in a trust estate amounts to nothing more than the mere naked right to receive income from the estate, such an interest is not subject to taxation under the laws of Florida; for a tax on such a bare interest so closely partakes of a tax on income as to be tantamount to a tax on the income itself, and hence in contravention of section 11 of Article IX of the

Constitution which forbids a tax on incomes. See Owens v. Fosdick, 153 Fla. 17, 13 So. (2nd) 700.

As we construe the trust instrument naming the appellant as life beneficiary, the interest or estate presently held by the appellant is not subject to taxation under the intangible personal property tax statutes of Florida. Under the trust created by the instrument the trustee is given the absolute management and control of the trust assets, consisting of stocks and bonds, the situs of which is outside of the State of Florida. The trust is irrevocable and cannot be set aside, amended, altered or changed throughout the period of its duration. The net income from the trust is to be paid monthly to the beneficiary for her maintenance and support for and during her lifetime and is not to be diverted to any other purpose. The appellant is expressly prohibited from anticipating or alienating any interest she may have in the trust corpus or its proceeds, either by assignment, hypothecation, order or pledge, and in the event of any attempted anticipation or alienation by the beneficiary, the trustee is authorized and empowered to withhold payment or distribution until such assignment, hypothecation, order or pledge is withdrawn, surrendered or cancelled; it being the intent of the trust agreement that payments of income or principal of the trust are to be paid only to the beneficiary and not to her assigns, pledgees, or others. The beneficiary has no power of appointment by will or otherwise thereunder. Upon the death of the appellant the principal of the trust is to be paid to her issue, and if she should die without issue surviving, then to her sister. If the appellant dies without issue surviving, and the sister predeceases her, the principal is to be paid to the person or persons entitled to the personal estate of the predeceased sister in accordance with the intestate laws of the State of Michigan.

Except as the "Emergency Payments" provision contained in the trust agreement, which we have quoted above and which we shall presently consider, may operate to enlarge or extend the interest or estate of the appellant held under the remaining portions of the trust instrument, it is our view that the present vested beneficial interest of the appellant under the trust agreement amounts to nothing more than a mere

naked right to receive net income during her lifetime; the term "net income" being defined in the trust instrument as "the gross income collected by the Trustee hereunder, less all taxes, assessments, fees, costs and incidental expenses incurred or paid by the Trustee in respect of the trust estate or income therefrom."

The Emergency Payments section of the trust instrument provides for encroachment upon the principal of the trust only under certain stated conditions. This portion of the trust agreement provides that if at any time during the life of the appellant she should require sums in addition to the net income of the trust because of the fact that she has become "incapacitated on account of sickness, general disability or any other reason whatsoever, to the extent that she is unable to maintain herself, the Trustee is hereby authorized and directed to meet such emergency or emergencies from time to time as they may arise, for the support, care, maintenance, and general welfare of the said beneficiary, and for said purpose to advance sum or sums of the principal of the trust estate as may be necessary and advisable for the purposes above described. The Trustee shall not be liable for any diminution of the trust estate for any of the disbursements made under the provisions as in this paragraph specified. . . "

It is obvious that under the Emergency Payments provision three things or conditions must occur before the Trustee will be warranted in encroaching upon the trust corpus for the benefit of the life beneficiary; First, the life beneficiary must become incapacitated on account of sickness, general disability or other reason. Plainly, the word "incapacitated" as employed in this trust provision relates to physical or mental disability or disease, or disability resulting from infirmity, disease or other cause rendering one incapable of earning a livelihood. See Hudson County National Bank v. Flora, 114 N.J. Eq. 135, 168 A. 241; 20 Words and Phrases 397; secondly, the incapacity must be of such a nature or degree that due thereto the appellant cannot maintain herself. As used in this connection, the word "maintain" clearly means "to bear the expense of; to support; to keep up; to supply with what is needed; as, to maintain one's life. See Webster's New Inter-

■■■■■■■■

512

national Dictionary; 26 Words and Phrases 83, 84; thirdly, the appellant, because of such incapacity, must require for support, care, maintenance and general welfare certain sums of money in excess of the amounts she is receiving, or is entitled to receive, monthly from the net income of the trust and as she may be earning or receiving, or may be entitled to receive, from other sources. When these three enumerated conditions concur, then, and only then, is the trustee in the exercise of a lawful discretion authorized and directed to supplement the income of the beneficiary from all sources by an encroachment upon the principal of the trust estate; such encroachment upon principal to continue only for the duration of such period of incapacity and only to the extent that it is necessary to supplement the income from the trust and appellant's other income for her "support, maintenance and general welfare."

The provisions for emergency payments from the corpus do not give the beneficiary any absolute right, power or authority to demand and receive payments from principal, or to determine when such payments shall be made; the decision in the matter being one to be exercised by the trustee in his studied discretion and then only when necessary conditions precedent concur, and subject to accountability to remaindermen of the trust estate in the event the discretion of the trustee is improperly, arbitrarily or capriciously exercised.

It is manifestly plain that the language employed in the Emergency Payments provision of the trust agreement does not operate to enlarge the present vested beneficial interest of the appellant in the trust estate (which now consists only of a present vested beneficial life interest or estate in net income) so as to make the trust interest or estate of the appellant liable for the payment of intangible personal property taxes under the laws of Florida. For such interest as the appellant has in and to the trust res, under the Emergency Payment provision of the trust agreement, is a contingent interest conditioned upon the happening of an event in the future, which may never happen and which lies entirely outside the control of the appellant to bring about with certainty. "Estates like remainders are either vested or contingent. An estate is vested if at all times during its continuance it becomes a

present estate whenever and however the preceding freehold estates determine; in other words, it is an estate by which a present interest passes to the party, though to be enjoyed in the future, and by which the estate is invariably fixed to remain to a determinate person after the particular estate has been spent. An estate is contingent if, in order for it to become a present estate, the fulfillment of some condition precedent other than the determination of the preceding freehold estate is necessary." See Story v. First Nat. Bank & Trust Co. in Orlando, 115 Fla. 436, 156 So. 101. "If the estate is to arise, or be enlarged upon the performance of the condition, then the condition is said to be precedent . . . In other words, the condition is precedent when it must be performed before the estate can commence . . . " See Seitter v. Riverside Academy, 144 Fla. 69, 197 So. 764.

We have given due consideration to the argument of the appellees that under the trust instrument before us for construction the life beneficiary is also the settlor of the trust and that under such a settlor-beneficiary trust the beneficiary should be held to be the owner of the trust res as well as the owner of the income.

Whatever may be the true rule with respect to such trust agreements generally, we do not think that it obtains under the facts of the case at bar. It is only in the role of life beneficiary that the appellant has any interest in the trust and that interest is limited to the net income, save only as to the contingent interest in the corpus based upon the happening of a condition precedent. It is only as to the life interest in the net income, therefore, that the appellant has a present vested beneficial ownership or estate. The appellant has no interest in the trust res by way of any reserved power of revocation but, on the contrary, the trust by express terms is irrevocable. The trust instrument clearly shows the intent of the donor to vest in the remaindermen interests and estates beyond the power of the beneficiary to defeat, for by its express provisions the trust instrument cannot be altered, changed or amended, and the settlor-beneficiary has made no provision for reserving to herself any power of appointment.

The interest created under the Emergency Payments sec-

514

tion of the trust instrument being so clearly a contingent, not a present vested, interest or estate in the corpus, this provision of the trust instrument does not operate to enlarge the present vested beneficial life estate or interest of the appellant which now is only with respect to the net income derivable from the trust, even though the life beneficiary may also have been the settlor of the trust in the first instance. Hence, the interest or estate in the trust, held and owned by the appellant, is not presently susceptible to intangible personal property taxation, under this Court's interpretation of the applicable law, as enunciated in Owens v. Fosdick, 153 Fla. 17, 13 So. (2nd) 700.

It follows from the conclusions reached that the appellant is entitled to the relief prayed for in her bill, and that in dismissing the bill of complaint on motion the court below committed reversible error. The decree appealed from should therefore be reversed, and it is so ordered.

Reversed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.