110 So.2d 421 (1959)
In re ESTATE of Frances Elliott MARTIN, Deceased.
Sidney A. SINGLETON, aPPELLANT,
v.
John Elliott MARTIN, Individually and as Executor De Bonis Non of the Estate of Frances Elliott Martin, deceased, Appellee.
No. 845.
District Court of Appeal of Florida. Second District.
April 8, 1959.
*422 Rodgers & Kirkland, Orlando, for appellant.
Jas. D. Bruton, Jr., Plant City, for appellee.
WALLACE E. STURGIS, Associate Judge.
On July 15, 1936, Frances Elliott Martin, hereinafter referred to as the testatrix, executed her will which, after certain specific bequests of personalty to her son, John Elliott Martin, and daughter, Carolyn Martin Singleton, contains the following provision:
"All the rest, residue and remainder of my property, of whatsoever kind or wheresoever situated, over which I shall possess any power of appointment, I give, devise and bequeath to my faithful and beloved husband and companion, John Eubank Martin, so long as he shall live and at his death the said estate shall be equally divided between my daughter, Carolyn Martin Singleton and my son, John Elliott Martin, share and share alike."
There are alternate provisions for distribution with which we are not concerned because contingencies upon which they depend did not come to pass.
The testatrix died on October 21, 1943. Her daughter, Mrs. Singleton, died on January 5, 1957, leaving her husband, Sidney A. Singleton, as sole beneficiary under her estate, and on August 4, 1957, she was followed in death by her father, John Eubank Martin, the widower of the testatrix and life tenant under the will in question.
Based on the above facts, which are not in dispute, proceedings before the probate court for construction of the quoted provision of the will resulted in a finding by that court to the effect that the will in its entirety shows "a pattern of disposition and an intent that, except for specific benefits otherwise provided," the residuary estate should pass only to the child or children that were living at the time of the death of the husband, and on that basis it was held that upon the death of the life tenant, testatrix' husband, her son, John Elliott Martin, became entitled to the whole of the residuary estate. By this appeal the daughter's husband, Sidney A. Singleton, challenges that finding and construction.
Testamentary intention is the polar star by which wills are to be construed and in that task the words used by the testator must be given their commonly accepted meaning and that meaning applied in accordance with law. In so doing, we are compelled to the conclusion that the words employed in the subject paragraph clearly spell out the intention of the testatrix to leave the residuary portion of the estate, following the death of the husband as life tenant, to her son and daughter "share and share alike," assuming they both survive the life tenant.
The question then arises whether under the words of art employed in the will that remainder was vested or contingent. If a vested remainder, it took effect at the testatrix' death, along with the creation of the life estate in the husband, and was such an interest as the remaindermen could pass on to another, subject only to the precedent life estate; and if only a contingent remainder was created, testatrix' death did not operate to vest the remaindermen with any present right to a future interest, nor would any conveyable or descendible estate arise unless and until the "condition" or contingency should come about, that being the key to the vesting of an estate that is so dependent.
The practical result in this case of the distinction between those types of remainder is that if the remainder in question became vested upon the death of the testatrix, then the remaindermen, her children, were possessed of fixed interests which would pass to their successors in interest without regard to whether or not they *423 should survive the life tenant, and in that event the appellant husband of testatrix' daughter would be entitled to take by inheritance the share which his wife in turn inherited from her mother. If, however, a contingent remainder was created, whereby the interest of Mrs. Singleton could not vest unless she survived the life tenant, then it is apparent that her death terminated any possibility of possession and that the share which she otherwise might have taken would devolve to John Elliott Martin as sole remainderman.
There are no technical forms of words by which the vested or contingent condition of a devise is determined. It is ascertained from the intent of the will as a whole and looking to the words of art accompanying the estate. A vested remainder is said to be one that is limited to a certain person at a certain time, and in which no condition other than the termination of a definite preceding estate postpones its enjoyment. Mahan v. Lummus, 160 Fla. 505, 35 So.2d 725; Kingsley v. Broward, 19 Fla. 722.
Careful analysis of the words of art employed in the case on review reflects that there is no condition precedent to the vesting of the interest in the remaindermen and the enjoyment thereof is simply postponed until the death of the life tenant, thus presenting a classic example of the creation of a vested remainder by the use of the words "and at his death" preceding the gift of the remainder.
A remainder is said to be contingent if the taking of possession is subject to a condition precedent, either as to the persons who are to take or as to the event upon which the preceding estate is to terminate. Story v. First Nat. Bank & Trust Co., 115 Fla. 436, 156 So. 101; Paul v. Frierson, 21 Fla. 529. Much of the confusion arises from the use of the term "contingent remainder." Some would be eliminated if, in accordance with The American Law Institute Restatement, Property § 157, the term "remainder subject to a condition precedent" were substituted therefor.
The words used in the provision under discussion do not remotely suggest that any dubious or uncertain event must occur as a condition precedent to the vesting of the interest. The death of the life tenant is an event certain, though the time is uncertain. The possibility that the person to whom the remainder is given may die before the termination of the preceding estate does not prevent vesting of the remainder. Commercial Bldg. Co. v. Parslow, 93 Fla. 143, 112 So. 378; Kingsley v. Broward, supra.
The law consistently favors the vesting of estates generally and so whenever possible remainders are held to be vested rather than contingent. Porter v. Baynard, 158 Fla. 294, 28 So.2d 890, 170 A.L.R. 747; Blocker v. Blocker, 103 Fla. 285, 137 So. 249; Story v. First Nat. Bank & Trust Co., supra. Where a life estate is devised to a spouse, with a remainder to their children, the inference is strongest that the testator's intention was to provide the children with vested rights rather than to pass the property to remaindermen having no natural claims to his bounty. Sorrells v. McNally, 89 Fla. 457, 105 So. 106, 108.
The favor of the law for the vesting of estates is well illustrated by the case of Sorrells v. McNally, supra. The testator there provided that on the death of the life tenant "all of the net income of my estate shall be paid to my said grandson semi-annually and all of my estate shall be turned over to him when he shall have attained his thirtieth year." In holding that this provision created an outright gift to the grandson so that his untimely death before reaching thirty years of age did not prevent his interest passing to his only heir at law, the court said:
"All doubt as to whether a legacy is vested or contingent is resolved if possible in favor of vesting if this can *424 be done by a fair and reasonable construction of the whole will and no estate will be held to be contingent unless very decided terms are used in the will or it is necessary to so hold in order to carry out the other provisions or implications of the will."
In Dean v. Crews, 77 Fla. 319, 81 So. 479, relied on by appellee, the bequest was: "Upon the youngest of my four children arriving at the age of twenty-one years I give and bequeath, share and share alike, to my said four children all my real and personal property of whatever kind or nature not heretofore disposed of." Only two children were living when the youngest became twenty-one and it was held the words used created a contingent remainder, so that only those two could take the estate. It is apparent that the interest there created was so designed that it could vest only on the happening of the future contingency, the arriving at age twenty-one of the youngest survivor among testator's children, thus depriving those who died before this contingency occurred of any conveyable or descendible interest. In the case on review there is no element of futurity annexed to the substance of the gift, only futurity as to time of enjoyment.
We hold, therefore, that the subject provision of the will in question created a vested remainder in each of testatrix' two children. Accordingly, the daughter, Carolyn Martin Singleton, had a fixed interest in half of the property derived under the will by the life tenant and held by him at the time of his death, which interest of the daughter passed upon her death to her husband, the appellant.
The order of the probate court must be and it is set aside, with directions that further proceedings be had in accordance herewith.
Reversed.
KANNER, C.J., and SHANNON, J., concur.