BARKDULL, Judge
(dissenting).
In the instant case we are concerned with whether or not the appellant’s life estate with a general testamentary power of appointment, valid only if the appellant should die without issue or issue of issue, is an equitable right or interest in the intangible trust fund sufficient to be considered intangible personal property subject to taxation in accordance with Wood v. Ford, 148 Fla. 66, 3 So.2d 490.
The majority opinion holds, as did the lower court, that the appellant has a presently vested general power of appointment subject to defeasance in the event the appellant shall leave lawful issue surviving her. I cannot, in good conscience, agree with such a holding.
Based on Mahan v. Lummus, 160 Fla. 505, 35 So.2d 725, the majority has reached the conclusion that the appellant’s interest is taxable because she has, “(1) the present vested beneficial life estate or estate in net income, and (2) the present right to designate the ultimate beneficiary.” Mahan v. Lummus, supra, in attempting to clarify whether or not an estate is vested or contingent, states as follows: “ * * * in other words, it is an estate by which a present interest passes to the party, though to-be enjoyed in the future, and by which the estate is invariably fixed to remain to a determinate person after the particular estate has been spent. * * *” [emphasis-added]. The primary question under this test is: Does the trust agreement in the instant case confer upon the appellant an "estate invariably fixed to remain to a determinate person” after the life estate is terminated, or confer upon the appellant the present right to designate the ultimate beneficiary? This question must be answered in the negative. The estate is not “invariably fixed” in the appellant and she cannot now with absolute certainty “designate the beneficiary”. “Invariable” is defined as a constant condition, not given or subject to change, unchangeable and unchanging [Webster’s New International Dictionary, 2d Ed.]. It is patent, from the terms of the trust indenture involved in the instant cause, that such estate which presently may be in the appellant is not such as to meet the definition of “invariably”, which is the test that the supreme court has approved in Mahan v. Lummus, supra.
Further, in examining the trust agreement and the "proviso” provisions thereof, I am *699 led to the conclusion that the condition relative to demise without “issue” or “issue of issue” was, in fact, another condition precedent. Southern Colonization Co. v. Derfler, 73 Fla. 924, 75 So. 790; 12 Fla. Jur., Estates, § 27. Therefore, it is impossible to determine, until the demise of the •appellant or until she is physically incapable to have issue, whether or not the condition precedent will occur. At the present time, all the appellant is possessed of is a contingent power of appointment, the validity •of which cannot be determined until her ■death or until she is incapable of having issue. Therefore, I would reverse the final ■decree appealed, with directions to grant the appellant the relief sought by her complaint