THOMAS, Justice.
This case is being considered on the questions of jurisdiction and, if it be determined that the court has power to entertain it, upon the merits as well. Tyus v. Apalachicola Northern Railroad Co., Fla., 130 So.2d 580.
It is insisted by the petitioner that jurisdiction here should attach because of a conflict of the decision of the District Court of Appeal in the immediate litigation with the holding of the Supreme Court in Mahan v. Lummus, 160 Fla. 505, 35 So.2d 725.
The suit was instituted in the Circuit Court of Dade County to enjoin the Tax Assessor from assessing the corpus of a trust for intangible, personal property taxes, having its situs in another state, and to enjoin the Tax Collector from collection of any taxes that might be assessed. The petitioner was the unsuccessful plaintiff and then the appellant in the District Court of Appeal where an effort was made to upset the chancellor’s decree dismissing the complaint. Plaintiff-appellant-petitioner was the beneficiary of the trust.
The axial facts were greatly simplified by a stipulation that the beneficiary was domiciled in Dade County, was more than *714 40 years óf age, was without issue, was yet physically able to bear children. The importance of the first three of these facts is brought into focus by the provisions of the trust agreement. Under it she had the right anytime after becoming 40 years of age to dispose of the trust estate by last will and testament provided, however, that the power of appointment and disposition should become null and void if the beneficiary should die leaving lawful issue of her body, or lawful issue of any such issue who had predeceased the beneficiary.
The chancellor concluded that the power of appointment thus granted the beneficiary was a presently vested one subject to de-feasance if lawful issue should survive the beneficiary.
As we understand the opinion of the District Court of. Appeal it was thought that in the absence of the conditions other than attaining the age of 40, the beneficiary would have been liable for the tax inasmuch as she would then have been entitled to the income and empowered to devise the corpus of the trust. This opinion seems fully supported by our decision in Wood v. Ford, 148 Fla. 66, 3 So.2d 490, which the district court cited as precedent. Notwithstanding the other restrictions in the trust agreement, the district court felt that the cited case was “persuasive” reason for the chancellor’s finding that imposition of the tax should not be restrained. So that the reader'will get a clearer picture of the controversy, we quote the pertinent part of the agreement:
“‘(4) The said HELEN HERTZ is, subject as hereinafter stated, given the right, at any time after she reaches the age of forty (40) years, to appoint and dispose of, in and by her Last Will and Testament, the trust estate which shall be in the hands of the Trustee at the time of her death, and the Trustee shall, subject as hereinafter stated, in such event pay over and deliver the trust estate in the hands of the Trustee at the time of the death of the said HELEN HERTZ, discharged of all trusts, to the respective persons and concerns and in such respective amounts as the said HELEN HERTZ shall in and by her Last Will and Testament appoint and direct; provided, however, anything hereinabove in this sub-paragraph (4) contained to the contrary notwithstanding, such power of appointment and disposition shall be null and void and without effect, and shall be entirely disregarded by the Trustee and of no binding effect upon the Trustee if the said HELEN HERTZ shall die leaving her surviving a child, lawful issue of her body, or any lawful issue of any such child of said HELEN HERTZ who has died prior to the death of said HELEN HERTZ.’ ”
The district court came then to Mahan v. Lummus, supra, where it was determined that while the cestui que trust had a present ve'sted beneficial interest amounting to nothing more than the right to receive the income without power of appointment such an interest was not taxable because a tax upon it would be the equivalent of taxing income in violation of Sec. 11, Art. IX of the Constitution prohibiting taxes on income. The interest of the beneficiary was said in the Mahan case to be contingent upon the happening of an event in the future which might “never happen and which [lay] entirely outside the control of the [beneficiary] to bring about with certainty.” This prefaced the delineation by this court of estates as either vested or contingent, quoting from Story v. First National Bank & Trust Company, 115 Fla. 436, 156 So. 101, 105, in which a contingent estate was defined as one requiring the fulfillment of some condition other than the determination of the preceding freehold to become a present estate.
It is clear that once the beneficiary in the immediate litigation reached the age of 40 the other conditions were brought into play but they should be scrutinized before being characterized as such restrictions as *715 would turn the interest into a contingent estate instead of a present one, bearing in mind that we are concerned with the propriety of relieving the petitioner, Helen Hertz Hexter, from taxation or holding her to her proportionate share of the tax burden.
The illustration of a contingent estate given in the Story opinion is illuminating and simple. An estate goes to A for life with remainder to his oldest son. The remainder is contingent until A’s first son is born and then it vests. The court capped the example by describing the condition on which the vesting would depend as one which might never happen or which might not happen until after the termination of the primary estate.
Placing the facts in. the instant case in juxtaposition to the ones in the Story dispute we find that although a future situation, after the beneficiary becomes 40, is a condition nevertheless the ‘happening’ is completely under the control of the cestui que trust. We borrow the word “control” from the opinion in the Mahan case. Although she had only to refrain from marriage in order to leave no lawful issue surviving her when at the time of her death devise of the property would become effective the provisions did constitute conditions which were, in effect, conditions subsequent as distinguished from conditions precedent. Seitter et al. v. Riverside Academy et al., 144 Fla. 69, 197 So. 764. From this the court quoted in the Mahan case. Meanwhile she would enjoy the income from the trust free of tax, that is, if it be said she had only a present interest in income without power of appointment.
The law favors the vesting of estates so when the language is doubtful it should be construed to that end. Travis et al. v. Ashton et al., 156 Fla. 529, 23 So.2d 725; In re Martin’s Estate, Fla.App., 110 So.2d 421. Applying that principle to the present controversy we decide that the petitioner had a present vested interest subject to a condition subsequent.
Adverting to the Mahan case, we find the following language: “The ‘beneficial interest’ referred to in the statute [Sec. 199.-02(2), Florida Statutes 1959] as being subject to intangible personal property taxation means a 'present vested beneficial interest’ in a trust estate * * (Italics supplied.)
As we reason this somewhat complicated issue the imposition of the conditions we consider subsequent does not operate to defeat the assessment and collection of taxes on the “present vested beneficial interest” by putting the subject trust corpus in the category of purely contingent estates, or as it was described in the Mahan .opinion, dubbing it “a mere naked right.”
There is comment in the chancellor’s opinion and in the briefs submitted, to us about the ability of the beneficiary to bear children and, as we have already seen, there was incorporated in the stipulation the statement that she was thus capacitated. But we find nothing in the trust agreement that justifies a determination of the issue on the basis of the ability to bear offspring. The point is whether or not, after becoming 40, she dies leaving a lawful child or grandchild.
The petitioner takes from the comment in the Mahan case the expression, quoted from the Story case, relative to an estate being vested when a present interest, passes to the party, about an estate being “ ‘invariably fixed to remain to a determinate per-son after the particular estate has been spent.’ ” (Italics supplied.) The petitioner argues that in the present case the estate is not “invariably” fixed, hence the decision of the District Court of Appeal collides with the one in the Mahan case. Taking the quoted language literally, the interest here was not immutably set, hut the variability or invariability of the estate was a matter of subsequence and this characteristic would save the tax from condemnation as purely a tax on income.
Our conclusion coincides with the ultimate view of the District Court of Appeal *716 that the petitioner has a present right of enjoyment and a present right of appointment, and we decide that the conflict between the decision of that court and of this court in the Mahan case is more apparent than real. Therefore, the writ of certiorari is — ■
Discharged.
ROBERTS, C. J., and TERRELL, DREW and THORNAL, JJ., concur.