PER CURIAM.
The Florida Department of Revenue appeals an order of the circuit court holding that no portion of the intangibles owned by a particular testamentary trust is subject to Florida intangible taxation. Two points are presented on appeal.
The first point claims error upon the denial of the appellant’s motion to dismiss upon the ground that appellee improperly proceeded by certiorari. We find no' prejudicial error. The entire proceeding seems to be within the purview of Fla.Stat. § 199.242, F.S.A. Appellant did not object to appellee’s proposal to proceed under that section until a late stage in the proceedings. The use of the procedure did not affect the merits of the case. In the absence of a possibility of harm to appellant there is no reversible error.
Appellant’s second point urges that the trial judge’s order is wrong as a matter of law. We affirm the order and adopt the following portions as the opinion of this court:
“On January 1, 1972, Petitioner was a resident and domiciliary of the State of Florida. On that date, and for some time prior thereto, he was one of three testamentary trustees of the trusts established pursuant to the Wills of William Thorn Kissel and Frances Dallett Kissel, New York decedents whose estates were probated in New York where the trusts were established. At all times relevant hereto, Petitioner was one of three Successor Co-Trustees of a trust established by Gertrude A. Freeman, a New York resident and which trust was executed and delivered under the laws of the State of New York and the construction, validity and effect thereof was to be determined by and in accordance with the laws of the State of New York. Petitioner was not a resident or domiciliary of the State of Florida when he qualified as one of the testamentary trustees or when he succeeded to his position as Successor Co-Trustee. None of Petitioner’s Co-Trustees in any of the aforementioned trusts, is, or has ever been, a resident of Florida. None are residents *60 of the State of New York, either. The assets of the trusts consist of certain intangibles, the physical evidence of which is held in New York pursuant to certain custodial agreements with the various trustees. None of these custodians are trustees for any of the trusts.
“The issue presented is:
Whether the Florida Intangible Personal Property Tax Law subjects to taxation in Florida any portion of the corpus of a trust established and administered pursuant to the Laws of the State of New York and in which the physical custody of the assets held by such trusts is located in the State of New York pursuant to custodial arrangements with non-trustee custodians because one of the three equal Co-Trustees, subsequent to assuming his fiduciary position, became a legal resident and domiciliary of Florida?”
* * * * * *
“§ 199.052(1) F.S. establishes the legal liability for the filing of Intangible Personal Property Tax Returns for intangible personal property having a taxing si-tus in Florida as follows:
‘It is hereby made the duty of every person in the state, and every person who has become a legal resident of the state on or before January 1, who owns or has control, management or custody of intangible personal property which is subject to annual taxation under this chapter to file a sworn return with the department on or before June 30 of each year, listing separately the character, description, location, and just valuation of all such property.’
“Property subject to annual taxation includes only intangible property having a taxing situs in Florida. Intangible personal property requires a taxing situs in Florida only if it is owned by a domiciliary of Florida or if it arose from the transaction of business in Florida. Wood v. Ford [148 Fla. 66] 3 So.2d 490.
“The Supreme Court in Florida National Bank v. Simpson, 59 So.2d 751, has clearly established the law of this State to be that where there are two or more trustees residing in different states, the intangible personal property owned by the trust will be taxable in the state of residence of the trustee who has actual custody or control of the intangibles. This case determined that in a situation with scattered Trustees, intangible personal property’s taxing situs owned by the trust will be at the business situs, not in reliance on the owner-domicile rule, but rather as an exception to such rule.
“The Honorable Charles A. Carroll, Circuit Judge of the 11th Judicial Circuit of Florida, in the case of Sawtelle v. Tax Assessor, 5 Fla.Supp. 13 (1953) held in a case almost exactly on point that Florida law did not impose intangible personal property taxes on the intangible personal property of a testamentary trust with a Florida resident Co-Trustee and a California resident Co-Trustee where thé intangible personal property belonging to the trust was kept in Ohio by a Non-Trustee Custodian employed by the Co-Trustees. Judge Carroll ruled that the intangibles were not subject to taxation under the laws of the State of Florida. As Judge Carroll stated:
‘Now, as to question 3 (if business si-tus of these intangibles is outside Florida, does the fact that one of the trustees is domiciled in Florida form a basis for local taxation under the present statute?) — under the circumstances here, the fact that one Co-Trustee is domiciled in Florida cannot change the tax situs of these intangibles to this State.
‘To so hold, under the present statute, would be to disregard the rule of con *61 struction which favors the taxpayer in a doubtful or ambiguous instance. Moreover, after the Supreme Court has held as it did (with resultant taxation) in the Simpson case, for this Court (in order to arrange or favor taxation) to hold the opposite, saying' the location of the intangibles in this case does not fix a tax situs, and throwing up some supposed distinctions, would be inexcusable, and little better than judicial piracy.’ ”
* * * * * *
“This Court has specifically considered and rejected Respondent’s contention that the provisions of § 199.023(1) (c) defining intangible personal property to include “All beneficial interests of residents in trusts” is a sufficient change in the law to impose taxation on Petitioner’s legal ownership interest in the subject trusts. As Respondent pointed out, § 199.023, subd. 4(b)(6) defines the term “beneficial interests” to mean the ownership of one or more property rights in the principal or income of a trust. This “beneficial interests” section relates solely to the taxation of the beneficiaries’ equitable interest in the trust. The distinction between the taxation of beneficial interest and legal interest was specifically recognized by the Florida Supreme Court in Florida National Bank of Jacksonville v. Simpson, 59 So.2d 751, 762 (Fla.1952). § 199.022(2), in effect prior to the enactment of Chapter 71-134 specifically defined intangible personal property to include “a beneficial interest of residents of Florida in trust estates of all kinds.” The applicability of § 199.-023(1)(c) and § 199.023, subd. 4(b)(6) to the interest of trust beneficiaries and not to the legal ownership by the trustee was specifically recognized by the Respondent when it promulgated Rule 12B-2.02(3) setting forth the administrative interpretation of “property subject to tax.”
******
Affirmed.