GIRARD SEITTER, *et al.,* v. RIVERSIDE ACADEMY, a Georgia Corporation, and SANDY BEAVER, as Trustee for Said Academy.

197 So. 764
En Banc
Opinion Filed June 21, 1940
On Rehearing September 27, 1940

*Peters & Kemp,* for Appellants;
*Ella Jo Stollberg,* for Appellees.

PER CURIAM.—In part consideration for conducting their school in Hollywood, Florida, for three winter months each year, Riverside Academy, a Georgia school for boys, was to

be deeded 50 acres of land near the proposed school site to be used for "parade ground, military training field, amateur athletic field, aviation ground and other kindred outdoor activities."

Appellants, residents of Pennsylvania, were the owners of 610 acres of wild land near the proposed school site, and, being persuaded that the advent of the school into Hollywood would greatly enhance the value of their property, deeded 50 acres to Sandy Beaver, trustee of the school. The deed contained the following provision:

"This conveyance is made upon the condition that the aforesaid land to be used by the Grantee for a period of five (5) years, for parade ground, military training field, amateur athletic field, aviation ground and other kindred outdoor activities. It is also agreed that said Sandy Beaver, as Trustee for Riverside Academy, shall produce a receipted tax bill on or before April 1st of each year showing all taxes to be paid up to date. That he further agrees not to encumber said ground by reason of creating mortgage thereon, and also agrees that any street improvements made during said term are to be paid for by said Trustee of the Academy. In other words, should there be a breach of these covenants and conditions during said five (5) year period, this said fifty (50) acres is to be returned to the parties of the first part clear and free of all encumbrances, and title is to be as clear as at time of this conveyance."

The deed, signed by appellants in Pennsylvania, was not witnessed.

Testimony was to the effect that the school entered upon the land and partially cleared it, but, on ascertaining that no witnesses signed the deed, abandoned their clearing operations. The land has been used for school purposes, however, being devoted to such activities as military camping

grounds. Appellees have never made a demand of appellants for a corrective deed.

Appellants instituted this action in the equity court to have the deed cancelled, alleging it to be a cloud on their title. Counterclaim of appellees was to the effect that the deed was not witnessed, that an attempt had been made to carry out the conditions until it was found that appellees had no title, and prayed for a corrective deed. The lower court refused cancellation and the final decree was to the effect that a new deed be given appellees, embodying the same provisions as the former invalid one.

It is contended by appellants that the deed, though insufficient to pass title to appellees, was a contract to convey subject to the conditions of the deed, and that the grantees having failed to fulfill the conditions were not entitled to a corrective deed. There was a contract to convey by reason of the invalid deed, but the contract to convey was not subject to the conditions; the conveyance, after it was made would be subject to the conditions.

Conditions subsequent, as were the conditions here, do not exist until after an estate has come into being by reason of a conveyance. Mr. Thompson, in speaking of conditions with reference to estates in real property, says, in his works on Real Property:

"If the estate is to arise, or be enlarged upon the performance of the condition, then the condition is said to be precedent; if it is to terminate or be lost by the nonperformance of the condition, then it is called a condition subsequent. In other words, the condition is precedent when it must be performed before the estate can commence, and it is subsequent when it is to be performed after the estate has vested in the grantee. The former fixes the beginning, the latter the ending of the estate." Vol. 3, page 47.

There are many other definitions of conditions subsequent,

all of which state the same principle in different words. Some of them are:

"A condition subsequent of a contract is one which follows the performance of the contract, * * *." Southwest Nat. Life Ins. Co. v. Ward, 56 Okl. 188, 155 Pac. 524.

"Conditions subsequent are such as by the failure or nonperformance of which an estate already vested may be defeated." 18 Corpus Juris 354.

It follows, therefore, that there can be no conditions subsequent until an estate has been created.

Appellants are attempting to benefit from their own default. Both parties are in a measure guilty of laches, eight years having passed since the deed was made, but in all fairness appellants should perform, or offer to perform, their part of the contract before default can be urged.

The decree of the circuit court requiring a deed to be given to appellees is—

Affirmed.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.

### ON REHEARING

PER CURIAM.—Pursuant to our order heretofore entered granting a rehearing, additional briefs have been filed in this cause.

Upon further consideration of the record in the light of the original and additional briefs filed, we reach the conclusion that our opinion and judgment affirming the decree of the lower court filed and entered herein on June 21, 1940, should be adhered to.

It is so ordered.

WHITFIELD, P. J., BUFORD and CHAPMAN, J. J., concur.
BROWN and THOMAS, J. J., dissent.

Chief Justice TERRELL not participating as authorized by
Section 4687, Compiled General Laws of 1927, and Rule
21-A of the Rules of this Court.