PEARSON, TILLMAN, Chief Judge.
The appellant, as plaintiff below, sought to enjoin the assessment and collection of intangible personal property taxes upon the corpus of a trust situated in Michigan of which she was the beneficiary.[1] Appellant, a Florida resident, alleged that under the trust she had only a life interest in the trust income and a contingent power of appointment by will.
After trial the cause was dismissed. In his final decree the chancellor found the following:
“This cause came before me upon final hearing on the following stipulated facts:
“1. The plaintiff is domiciled in Dade County, Florida, is over the age of forty years and has presently no lawful issue.
“2. The plaintiff is physically able to bear issue in the future.
“The sole issue before the Court was the liability, vel non, of the plaintiff, as beneficiary of a trust granting to her a power of appointment by will, for the I960 intangible personal property tax assessment. The determination of this issue requires a construction of subsection 4, of Article 4 of the Trust agreement, introduced in evi *697 dence of Plaintiff’s Exhibit No. 1, which reads as follows:
‘(4) The said HELEN HERTZ is, subject as hereinafter stated, given the right, at any time after she reaches the age of forty (40) years, to appoint and dispose of, in and by her Last Will and Testament, the trust estate which shall be in the hands of the Trustee at the time of her death, and the Trustee shall, subject as hereinafter stated, in such event pay over and deliver the trust estate in the hands of the Trustee at the time of the death of the said HELEN HERTZ, discharged of all trusts, to the respective persons and concerns and in such respective amounts as the said HELEN HERTZ shall in and by her Last Will and Testament appoint and direct; provided, however, anything hereinabove in this sub-paragraph (4) contained to the contrary notwithstanding, such power of appointment and disposition shall be null and void and without effect, and shall be entirely disregarded by the Trustee and of no binding effect upon the Trustee if the said HELEN HERTZ shall die leaving her surviving a child, lawful issue of her body, or any lawful issue of any such child of said HELEN HERTZ who has died prior to the death of said HELEN HERTZ.’
“Upon the pleadings and after hearing argument of counsel for the parties the Court finds that the power of appointment granted the plaintiff under the Trust Agreement is a presently vested general power of appointment subject to defeasance in the event the plaintiff shall leave lawful issue surviving her. * *
Were there no other limitations in the trust agreement on the right to exercise the power of appointment, the appellant having reached the age of 40 would be liable for the tax in question in accordance with Wood v. Ford, 148 Fla. 66, 3 So.2d 490. In that case, Ford was held to have a present vested beneficial interest, and therefore a taxable one, in a trust estate because he held both the right to the income of the trust for life and the power to devise the trust corpus. Notwithstanding the withdrawal of the power of appointment from appellant in the event she should die leaving a child surviving, the Wood case, supra, is persuasive for the finding of the chancellor.
In Mahan v. Lummus, 160 Fla. 505, 35 So.2d 725, Mahan was held to have a present vested beneficial interest, but not a taxable one, because although he had the right to receive the trust income, he had no power of appointment by will or otherwise.[2] In speaking of a provision to invade the corpus the court pointed out:
“For such interest as the appellant has in and to the trust res, under the Emergency Payment provision of the trust agreement, is a contingent interest conditioned upon the happening of an event in the future, which may never happen and which lies entirely outside the control of the appellant to bring about with certainty. ‘Estates like remainders are either vested or contingent. An estate is vested if at all times during its continuance it becomes a present estate whenever and however the preceding freehold estates determine ; in other words, it is an estate by which a present interest passes to the party, though to be enjoyed in the future, and by which the estate is invariably fixed to remain to a determinate person after the particular estate has been spent. An estate is contingent if, in order for it to become a present estate, the fulfillment of some condition precedent other than the deter *698 mination of the preceding freehold estate is necessary.’ See Story v. First Nat. Bank & Trust Co. in Orlando, 115 Fla. 436, 156 So. 101, 105. ‘If the estate is to arise, or be enlarged upon the performance of the condition, then the condition is said to be precedent * * *. In other words, the condition is precedent when it must be performed before the estate can commence * * See Seitter v. Riverside Academy, 144 Fla. 69, 197 So. 764, 765.”
Thus guided by the governing cases, the present vested beneficial interest of the appellant appears to be taxable because she now has (1) the present vested beneficial life interest or estate in net income, and (2) the present right to designate the ultimate beneficiary.
The writer does not confess a greater than ordinary fondness for taxes; however, the obligation of taxation should not be made to depend upon the will of the present beneficial owner of a trust to bear children or the physical impossibility to do so. To hold that the taxability of the appellant’s interest in property cannot be determined until her death would allow an interest which for all practical purposes is equal to that of the appellant in the Wood case, supra, to escape its proportionate share of the tax because of a remote possibility rather than a condition precedent. The test seems to be more reasonable when determined by the extent of the interest presently enjoyed.
Affirmed.

. § 199.02(2), Fla.Stat, F.S.A., as it existed at the date of this action, provided as follows:
“Class B intangible personal property is hereby defined as being all stocks, or shares of incorporated or unincorporated companies; all bonds, except bonds of the several municipalities, counties and other taxing districts of the state, and except bonds of the United States government and its agencies; all notes, bonds, and other obligations bearing date prior to January 1, 1942 for payment of money which are secured by mortgage, deed of trust or other liens upon real or personal estates situated in Florida; provided, that only that part of the value of the mortgage deed of trust, or other lien, the property of which is located within the state shall bear to the whole value of the property described in said obligation shall be included; and the beneficial interest of residents of Florida in trust estates of all kinds when the trustee resides outside of the state, or if the trustee is a corporation and has its principal place of business outside of the state; provided, that if the trustee returns to the tax assessor such beneficial interest and pays the tax thereon to the tax collector in Florida, then the owner of such beneficial interests shall not be required to return the same for taxation; provided, further, that when the trustee is a resident of Florida and returns the corpus of the trust for taxation as provided by law there shall be no tax upon the beneficial interest in such trust.”

. Article IX, Section 11 of the Constitution of the State of Florida, F.S.A. makes the State incapable of imposing a tax on income:
“No taxes upon inheritances or upon the income of residents or citizens of this State shall be levied by the State of Florida, or under its authority *