194 So.2d 49 (1966)
John R. FINCHUM, Sr., and Mary L. Finchum, His Wife, Clifford V. Finchum and Frances Finchum, His Wife, Finchum Brothers, Inc., and Bank of South Brevard, Appellants,
v.
Edward J. VOGEL and Lorraine C. Vogel, His Wife, Oscar J. Jutzl, Sr., and Anna M. Jutzl, His Wife, J.T. Litteral and Elizabeth Litteral, His Wife, On Behalf of Themselves and All Others Similarly Situated, Appellees.
No. 163.
District Court of Appeal of Florida. Fourth District.
December 30, 1966.
Rehearing Denied February 7, 1967.
*50 Romeo A. Amari, of Moore & Amari, Cocoa Beach, for appellants-Finchum.
Ralph Geilich, of Williams & Geilich, Melbourne, for appellant-Bank of South Brevard.
Elting L. Storms and Eric W. Pappas, Storms, Pappas & Krasny, Melbourne, for appellees.
*51 PER CURIAM.
This appeal is taken from a mandatory injunction ordering the appellants-defendants to either tear down two commercial buildings or to convert the same to residential purposes. The appellees-plaintiffs brought a class suit seeking an injunction against the defendants to restrain the construction of a building alleging it to be in violation of restrictive covenants applicable to all of the property in the subdivision where the buildings were being constructed. Plaintiffs were the owners of certain lots in the subdivision and the defendants, Finchum, were the owners of one lot in the subdivision on which the defendant bank held a mortgage. The property was used by the remaining defendant. The interests of all of the parties were derived from a common source, the corporate subdivider who caused a plat of the subdivision to be recorded. On the face of the plat under a heading "Restrictions" appeared several paragraphs the most pertinent ones being:
"1. But one residence or guest house or both shall be erected or placed upon said lot, with the guest house to be placed upon the rear of the said lot, and such buildings shall never be used or occupied for any purpose except that of private residence exclusively; nor shall any part or portion thereof ever be used or occupied except solely as a residence; nor shall such buildings be arranged or ever used or occupied as flats; nor shall said real estate parcel or any part thereof ever be used or occupied for trade, business, or any commercial activities or kind whatever.
"* * *
"5. No trailer, tent, shack, garage or barn or out-building or structure of any kind shall be erected or placed upon the property to be used as a temporary or permanent residence, nor shall any residence building of temporary character be permitted, except upon such areas designated by the seller.
"6. No building shall be erected that is detrimental to the purposes of residence for which this and all other property in the said plan is intended, nor shall the premises be used so as to cause noxious or obnoxious fumes or odors and any other circumstances. No livestock, animals or poultry shall be kept closer than 75 feet from any other residence. The property shall not be used for purposes of junk yards, wrecking or dismantling, storage of materials or similar purposes."
The "Restrictions" then concluded with the following paragraph:
"* * * Provided, further, that a breach of any of the foregoing conditions shall cause said premises to revert to the seller, its successors or assigns, each of whom shall respectfully have the right of re-entry and possession upon said premises in the event of any such breach. * * *"
All of the foregoing was further specified in the muniments of title under which all of the parties claim. The testimony clearly established that the defendants erected the two buildings on their lot in the subdivision and that one is used as an office and the other as a warehouse all contrary to the restrictions. The court entered the final decree appealed ordering the defendants to remove said buildings or to convert them into residential structures.
Prior to consideration of the merits we dispose of a procedural question. The appellees have included in their appendix a document purporting to be a release executed by the corporate subdivider of their right of the reverter provision above quoted. The appellants have filed a motion to strike this document from appellees' appendix. This document is not shown to have been offered, received or in any way made a part of the trial record. We strike the document from the appellees' appendix and it has not entered into our consideration of the issues presented on appeal.
*52 We find that we need consider only appellants' first point on appeal which is:
"Where the covenantor reserves the right to enlarge or modify the covenants in certain respects or reserves the right of reverter unto itself can subsequent grantees of lots in the subdivision enforce the said covenants as against other lot owners [subsequent grantees of lots in the same subdivision]?"
As a general rule a reservation by the common grantor of a general power to dispense with restrictions precludes one owner from enforcing the restrictions as against another owner where all the property is encumbered with the same restrictions even though the dispensing power of the grantor has not been exercised. The theory is that in such an event the reservation of the power to modify negates a finding of a uniform plan of development from which the mutuality of right of enforcement among grantees from the common grantor might otherwise arise. 20 Am.Jur.2d, Covenants, § 178, and Annotation, 19 A.L.R.2d 1274. We note here, however, that the only reservation of the right to enlarge or modify is contained in paragraph 5 and we find that this reservation standing alone does not constitute a general reservation of power which is of itself of such magnitude as to come within the general rule. A reservation of the right to enlarge or modify only minor or incidental covenants is not tantamount to a general reservation of power. Many specific examples are set forth in the annotation, supra.
In addition to the very limited right to modify the covenants, all of the conveyances, after again reciting the "restrictions", conclude with the paragraph declaring that any breach of the conditions shall cause the premises to revert to the seller with right of reentry and possession. This reverter provision changes the entire character of the "restrictions" so that in fact each of the grantees received title as an estate on condition subsequent. Seitter v. Riverside Academy, 1940, 144 Fla. 69, 197 So. 764; See 26 C.J.S. Deeds § 141d; Annotation, 142 A.L.R. 197. In such an estate the occurrence of the condition subsequent coupled with reentry terminates the entire estate of the grantee. The so-called "restrictions" are therefore by virtue of the reverter provision a limitation of the estate conveyed by the grantor. The possibility of reverter on a condition subsequent is a personal right reserved to the grantor which may be enforced only by the grantor, its successors or assigns. 4A Thompson on Real Property, Future Interests, § 1980. It therefore necessarily follows that these so-called "restrictions" may not be construed as covenants for the benefit of all grantees from the common grantor, and no grantee has any rights against any other grantee by way of enforcement which they would have in the absence of a reservation of a general power to modify and in the absence of a provision for reverter having the effect of a condition subsequent. Both of these elements were absent in Batman v. Creighton, Fla.App. 1958, 101 So.2d 587, and Wahrendorff v. Moore, Fla. 1957, 93 So.2d 720. These decisions merely hold that restrictions recited on a plat are valid and binding notice to subsequent purchasers who accept conveyances based on the plat and that grantees from the common subdivider grantor have the right to enforce the subdivision restrictive covenants, but neither deals with a reservation of power or provision for reverter. While we apply these decisions the foregoing additional facts produce an ultimate opposite result.
Finding as we do that the plaintiffs do not have any rights to enforce the "restrictions" the final decree is reversed with directions to dismiss the complaint.
SMITH, C.J., ANDREWS, J. and ODOM, ARCHIE M., Associate Judge, concur.