LETTS, Chief Judge.
The maker of a promissory note contends that suit should have been brought by the payee in the County where the note was signed pursuant to Section 47.061, Florida Statutes (1979). The trial judge disagreed. We agree with the trial judge.
Within the body of the note in question, it is set forth that the consideration therefor is an agreement “a copy of which is attached hereto.” The note and the attached agreement were signed in Palm Beach County on the same day before the same notary public.
The signed agreement, duly attached to the note, clearly and unequivocally provided that “the forum for all litigation which may result from the terms and conditions of this agreement to include any declaratory actions brought hereon shall be brought in the County of Martin, State of Florida.”
Simply stated, parties to an agreement can agree on venue. Producers Supply, Inc. v. Harz, 6 So.2d 375 (Fla.1942). In the case now before us, the promissory note makes specific reference to the attached agreement and the agreement speaks of its terms and conditions within which the promissory note, of necessity, is included. The two instruments are inextricably intertwined. Such an admixture is more than sufficient to take this cause of action out of the purview of Section 47.061, Florida Statutes (1979) which requires that suit be brought in the county where the maker signed the note.
Accordingly we hold that Martin County is the appropriate forum for suit on this note, especially since the complaint incorporates and attaches the very agreement discussed herein and specifically refers to the paragraph agreeing to venue.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.