HERSEY, Chief Judge.
Appellant, Fine, is the defendant in this action on a promissory note. His motion to dismiss for improper venue was denied. We affirm.
The contention by appellant that the complaint is defective for failure to aver venue is without merit. In Tribune Company v. Approved Personnel, Inc., 115 So.2d 170, 172 (Fla. 1st DCA 1959), the court explained:
It is of the very nature of venue that plaintiff selects it initially, but need not plead or prove that his selection has been proper and the burden of pleading and proving that venue is improper, if such is the fact, is upon the defendant.
Appellant’s argument that Dade and not Broward County was the appropriate venue is also without merit.
Appellant is correct that section 47.061, Florida Statutes (1985), requires actions on *559 unsecured negotiable or nonnegotiable promissory notes to be brought “only in the county in which such notes were signed by the maker ... or in which the maker ... resides.”
The only “evidence” that appellant signed the note in and resides in Dade County, however, is an affidavit which is contained in the index to appellant’s brief “to supplement the record on appeal.” That affidavit, not having been considered by the lower tribunal, is not properly before this court for review. See Finchum v. Vogel, 194 So.2d 49 (Fla. 4th DCA 1966).
Furthermore, the promissory note involved here provides: “The maker hereby waives any pleas of jurisdiction or venue as not being a resident of Broward County, Florida, and hereby specifically authorizes any action brought upon the enforcement of this note to be commenced or suit filed in Broward County, Florida.”
There is no public policy reason, in the usual case, to preclude the parties from establishing appropriate venue by a contractual provision. Appellant’s citations of authority for a contrary position are inap-posite. Also, as we held in Hallmark Industries, Inc. v. Scarborough Chemicals, Inc., 409 So.2d 216 (Fla. 4th DCA 1982), an agreement between the parties as to venue, rather than section 47.061, Florida Statutes (1985), is controlling.
We therefore affirm the order denying appellant’s motion to dismiss.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.