## EATON FINANCIAL CORPORATION v McCLURE ELECTRIC COMPANY, et al.

### Case No. 89-28024-02

Seventeenth Judicial Circuit, Broward County

March 8, 1990

**APPEARANCES OF COUNSEL**

**Thomas A. Truex, Esquire,** for appellant.
**Robert McClure, Sr.,** pro se.

**OPINION OF THE COURT**

BARBARA BRIDGE, Circuit Judge.

THIS CAUSE having come before the Court on Appeal from the Broward County Court, and the Court being duly advised in the premises hereby finds that,

This case involves a suit on a promissory note which was executed between the parties and was personally guaranteed by Robert McClure, Sr., Appellant, Eaton Financial Corporation, (Lessor), now appeals the Trial Court Order granting a change of venue to Duval County and deferring ruling on Appellant's Motion for Summary Judgment. The non-final Order of the trial court is affirmed for the following reasons.

The decision of the trial court carries with it the presumption of correctness, and no abuse of the court's discretion is evidence in this case. Furthermore, as a matter of law, the trial court was correct in transferring the case to Duval County. The parties contracted in Duval County. The place of business for McClure Electric Co., (Lessee), is in Duval County. The contract between the parties provides that payments shall be payable at the office of Lessor or at such other places as Lessor may from time to time appoint. Also, the contract states that actions between the Lessee and Lessor can be brought in a court of competent jurisdiction at the sole election and determination of Lessor, and Lessee consents thereto.

Appellant accurately states that the parties can properly waive rights of venue by contract. However, the cases relied upon by Appellant only allow the parties to specifically state where an action is to be brought. See, *Hallmark Industries, Inc. v Scarborough Chemicals, Inc.*, 409 So.2d 216 (Fla. 4th DCA 1982), which permitted parties to agree that venue would be in Martin County, Florida; and *Fine v Carney Bank of Broward County*, 508 So.2d 558 (Fla. 4th DCA 1987), which permitted parties to agree that venue would be in Broward County, Florida.

The present case is easily distinguished from the above cited cases. The contract provision concerning venue in this case is indefinite inasmuch as the choice venue is left to the sole discretion of the Appellant. In light of the failure of the parties to specify which County venue would lie, the trial court's Oder Granting Change of Venue is proper as a matter of law.

Appellant's second point on appeal, whether the trial court erred by not granting Plaintiff's Motion for Summary Judgment is without merit. The record below shows that the trial court merely deferred ruling on the motion. Therefore, Appellant improperly appealed this point.

Therefore,

IT IS ORDERED AND ADJUDGED that the Order Granting Defendant's Motion for Change of Venue and Deferring Ruling on Plaintiff's Motion for Summary Judgment is AFFIRMED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, on this 8th day of March, 1990.