LEWIS, J.,
concurring.
I concur with the decision of the majority to discharge jurisdiction but write separately with regard to the dissent’s attempt to improperly expand the permissible scope of review of this Court. It is a well established principle of law that appellate review is limited to the record on appeal. See E.I. DuPont De Nemours & Co. v. Native Hammock Nursery, Inc., 698 So.2d 267, 270 (Fla. 3rd DCA 1997); Fine v. Carney Bank of Broward County, 508 So.2d 558, 559 (Fla. 4th DCA 1987); Finchumm v. Vogel, 194 So.2d 49, 51 (Fla. 4th DCA 1966). The dissent candidly disregards this rule by basing its opposition to the discharge of jurisdiction on matters *207 not included in the record on appeal. The matters relied on by the dissent were first introduced to these proceedings through an improper appendix to an amicus curiae brief (which violated appellate rules by attempting to generate new issues) filed with this Court, well after the decision of the Second District was final. In fact, the dissent faults the Second District for failing to communicate with the trial court or to seek evidence that was not in the record before it. See dissenting op. at 207-08. To the contrary, the Second District followed very clear appellate rules and acted within its permissible scope of review and this Court must do the same.
For these reasons, I agree with the decision to discharge jurisdiction.