In re RASMUSSEN'S WILL.

No. 6649.

Circuit Court, Lake County.

May 25, 1972.

Norman C. Cummins, for the First National Bank of Leesburg, trustee.

W. TROY HALL, Jr., Circuit Judge.

On July 13, 1968, Charles H. Rasmussen, then a resident of Lake County, died leaving both real and personal property. He left a last will and codicil thereto which upon his death were duly proved and admitted to probate in the county judge's court, Lake County. Pursuant to the residuary clause of the will certain assets were delivered to the First National Bank of Leesburg and Susan O. Rasmussen, now deceased, as co-trustees of a testamentary trust created thereunder.

The testamentary trust provided that the income from the trust corpus should be paid to Susan O. Rasmussen, and upon her death the corporate trustee should immediately divide the trust estate

into eleven equal parts or shares and distribute one such equal share to eleven named beneficiaries. One of the beneficiaries, Kenneth Petersen, predeceased the life income beneficiary, Susan O. Rassmussen, and the personal representative of the estate of Kenneth Petersen made claim on behalf of the said estate for the share of Petersen under the trust.

The First National Bank of Leesburg, as surviving trustee of the trust, filed a petition for construction of the trust in order to determine the rightful owner of the share, which the court heard on November 24, 1971.

Although proper notice was given to all parties affected, no parties appeared to present arguments either in favor of or against the proposition that the share of Kenneth Petersen had vested at the death of the testator and thereby devolved to the estate of Kenneth Petersen — that is, that his interest was vested rather than contingent. The First National Bank of Leesburg appeared through counsel, Norman C. Cummins, but only in an unbiased capacity.

Because no one was present to argue for a definite construction of the trust, the court asked Mr. Cummins to research the problem and at a future hearing give arguments in support of a position on the vesting or nonvesting of the interest of Kenneth Petersen.

The question before the court may be stated as follows — *was the interest of Kenneth Petersen an interest which vested unto him at the date of death of the testator, or was the interest contingent upon his surviving the life income beneficiary, Susan O. Rasmussen?*

Mr. Cummins contends that the interest of Kenneth Petersen was not contingent upon his surviving the life income beneficiary, but vested at the date of death of the testator — because there is no contingency expressed in the will, and no condition of survivorship, either precedent or subsequent, indicated in the language of the will.

The question whether an interest or estate is vested or contingent has usually arisen in cases involving the devolution of real estate. A case in which the factual situation was in many respects similar to the factual situation in this case is In re Martin's Estate, 110 So.2d 421 (Fla. DCA 1959), which was a case dealing with the construction of a devise in a will to a husband for life and at his death to be divided equally between a son and daughter. One of the remaindermen, the daughter, died before the life tenant, and the problem arose as to disposition of the deceased daughter's share. It was held that the will created a life estate followed by vested remainders — and therefore upon the death of the daughter her remainder interest passed under her will to her husband.

In a comment in 14 Miami Law Review 655, Ralph E. Boyer, professor of law, University of Miami, and a noted author on real property law, characterised the decision as perfectly sound and consistent with well recognized principles, and that the only thing that was difficult to see was why it should have caused any difficulty in the first place. No other construction seemed plausible. The court in that case further stated that the law consistently favors the vesting of estates generally and so whenever possible remainders are held to be vested rather than contingent.

In Sorrels v. McNally, 105 So. 106 (Fla. Sup. Ct. 1925), which involved the construction of a will with respect to a vested remainder interest, the court stated that the law favors the early vesting of estates and in the absence of a clear manifestation of the intention of the testator to the contrary, estates are held to vest at the earliest possible date.

There is nothing in the will of the decedent, Charles H. Rasmussen, which indicates that he manifestly intended that the interest of Kenneth Petersen would lapse and become void if the said beneficiary was not alive at the date of death of the life income beneficiary. As further stated in the *Sorrels* case — "if it appears that a future gift is postponed in order to let in some other interest, or as it is sometimes expressed, for the benefit of the estate, the gift is vested notwithstanding, although the enjoyment is postponed; the presumption being the testator postponed the distribution or payment for the purposes of the prior bequest and not to prevent the ulterior legacy from vesting." In the case before this court there was a remainder after a life estate and this remainder was not shown to be contingent upon the beneficiary surviving the life income beneficiary nor upon any other contingency. Therefore, the interest must be regarded as a vested remainder.

In *Sorrels* the court cited foreign authority — Scofield v. Olcott, 120 Ill. 362, where the court stated that estates in remainder vest at the earliest possible period, unless a contrary intention on the part of the testator is clearly shown. When it is a remainder after a life estate, it is regarded as a vested remainder and the possession only is postponed.

Evidently because of long established legal principles concerning vesting or nonvesting of remainder interests, a factual situation similar to the one before the court has not often been presented in the state of Florida. However, much authority outside the state exists for the proposition that an interest such as the one presented by the subject case is indeed vested rather than contingent. In the case of In re Rebald's Estate, 122 A.2d 294 (S.C. of Pa. 1956), the factual situation involved the payment of the income of the trust corpus to a life income beneficiary and upon her death the shares

of the trust corpus were to be delivered equally to seven named persons. All remaindermen survived the testator, but two of them predeceased the life tenant and it was their shares in the residuary estate which were in dispute. The court held that the interest of the two remaindermen was vested, stating that it is necessary to keep in mind the rule that an interest is to be construed contingent only when it is impossible to construe it as vested. Citing In re Brumbach's Estate, 373 Pennsylvania 302, the court held that there was no condition or limitation on the interest; no contingency of survivorship was attached thereto and no alternative or substitutionary gift was made if the remaindermen failed to survive the life tenant and accordingly, absence of any such provision in connection with an absolute gift is a significant and important fact which strongly indicates an intention to make a vested rather than a contingent gift.

In the case at issue, there was no condition or limitation placed upon the interest of Kenneth Petersen, no contingency of survivorship nor any alternate taker of the gift if he failed to survive the life tenant. In Wilmington Trust Co. v. Bronxville Trust Co., 5 A.2nd 248 (Chancery Court of Delaware 1939), the court held as follows — "A will bequeathing sum to trustee with direction to pay net income therefrom to testator's widow during her life or so long as she shall remain unmarried, and principal upon her death or marriage to son free from trust was construed to give son a vested interest in trust fund, postponement of payment only being necessitated by interposition of life estate."

In the case of In re Hall's Will, 276 NYS 2nd 954 (1966), the court promulgated the following three propositions of law — (1) The rule favoring early vesting of testamentary gift of remainder to group applies with particular force where gift is residue of estate. (2) In construction of will, court cannot find contingent estate where none exists or create a testacy by supplying words of survivorship of substitution which in fact are not present. (3) Where testator fails to provide any direction whatsoever for distribution of trust corpus in eventuality of death of remaindermen prior to termination of life estate, early and indefeasible vesting is favored. In that case the court held that under the provisions of a will directing that the wife should have one-third of testator's estate and the remaining two-thirds should be held in trust and benefits of trust should be given to wife during her life and at her death trust should be terminated and property divided equally among the testator's brothers and sisters, remainder interest of brothers and sisters was not subject to being divested by their failure to survive life beneficiary and the respective indefeasibly vested interests were divisible and alienable.

Further outside authority appears in the case of In re Randall's Will, 340 P.2nd 885 (Sup. Ct. Kansas 1959). This case involved a situation where a will created a trust which provided for payment of income to a niece of testator for life, and at her death provided for payment of the principal to her children and, in the event she should die without issue, the principal was to be paid to named sisters and a named brother of niece, share and share alike. The court said the will vested the principal in the three beneficiaries as a class to be determined upon the death of the life tenant and such will could not be construed to mean the testator created a contingent remainder in the three beneficiaries.

The court in Mueller v. Forsyth, 235 N.E. 2nd 645 (App. Ct. Ill. 1968), stated that words such as "upon death" or "after death" in a gift of remainder refer not to the time when the remainder is to vest in interest but to the time when it is to fall into the possession of remaindermen, and such language is deemed related to the termination of the life estate and not to the character of the interest of the remaindermen. In the subject case, the term "upon the death of my said wife, Susan O. Rasmussen", is used. Based upon the latter case, this wording relates only to the termination of the life estate and not to the character of the interest of the remaindermen, that is, it does not mean he has to survive the death of the life income beneficiary.

From the foregoing analysis of Florida's decisions and decisions outside the state, it clearly appears that the interest of Kenneth Petersen vested at the date of death of the testator, notwithstanding the demise of Mr. Petersen prior to the death of the life income beneficiary.

Wherefore, it is considered, ordered and adjudged as follows —

(1) The share of Kenneth Petersen under "Trust B" of the last will of Charles H. Rasmussen vested at the date of death of the testator, Charles H. Rasmussen, and was not subject to being divested by the failure of Kenneth Petersen to survive the life income beneficiary, Susan O. Rasmussen.

(2) Because the said remainderman is now deceased, his vested remainder, a one-eleventh share of the trust corpus, passes to the estate of Kenneth Petersen, and the First National Bank of Leesburg, as surviving trustee, is directed to deliver said share to the authorized representative of the said estate.

(3) The First National Bank of Leesburg, as trustee of that certain testamentary trust described as "Trust B", in order to facilitate distribution of the trust corpus, is authorized and directed to sell any securities now included in the trust corpus which cannot be divided equally among the eleven beneficiaries of the said trust.