328 So.2d 418 (1976)
FLORIDA STEEL CORPORATION, Petitioner,
v.
Fred O. DICKINSON, Jr., et al., Respondents.
No. 47209.
Supreme Court of Florida.
February 25, 1976.
L. Robert Frank and William H. Cauthen of Allen, Dell, Frank & Trinkle, Tampa, for petitioner.
Robert L. Shevin, Atty. Gen., Larry Levy and E. Wilson Crump, II, Asst. Attys. Gen., Howard Horowitz, Gen. Counsel, *419 and William B. Corbett, Jr., Asst. Gen. Counsel, Tallahassee, for respondents.
Thomas C. MacDonald, Jr., and Donald A. Gifford of Shackleford, Farrior, Stallings & Evans, Tampa, for Jim Walter Corp., amicus curiae.
ENGLAND, Justice.
By petition for a writ of certiorari, this case is before us to resolve a conflict between the decision of the First District Court of Appeal, reported at 308 So.2d 623, and this Court's decision relative to Florida's intangible personal property tax in Starkey v. Carson.[1] We have jurisdiction under Article V, § 3(b)(3) of the Florida Constitution.
Florida Steel Corporation brought this lawsuit to challenge imposition of the intangible personal property tax by the State of Florida on accounts receivable generated by the sale outside of Florida of products manufactured in North Carolina, South Carolina and Georgia. The Leon County Circuit Court ruled Florida Steel taxable on all of its accounts receivable. That court also found that Florida Steel had failed to prove a "business situs" outside Florida for any of its accounts receivable. The district court affirmed the circuit court in an opinion carefully addressing all of the arguments raised before us.
Florida Steel contends, contrary to the district court, that Starkey created a judicial exemption to the intangible personal property tax for intangible personal property which has a "business situs" outside the State of Florida, and that this exemption has survived legislative re-enactment of substantially identical provisions in the current version of Chapter 199, Florida Statutes. We disagree.
This Court has never excused any taxpayer from payment of intangible personal property taxes on the theory of a foreign business situs, in the absence of a specific statutory exemption. Starkey and the later cases of Smith v. Lummus[2] and Wood v. Ford[3] contain language which assumes the existence of a foreign business situs exemption. These decisions did not, however, rely on that concept to construe the applicable tax laws. At the time Starkey was decided, decisions of the United States Supreme Court implied the existence of a constitutional barrier to the taxation of intangibles by both the state of domicile and the state of commercial activity.[4] Citation of those cases in Starkey suggests that the Court was concerned with a presumed constitutional doctrine rather than the intent of the Florida Legislature. It is now clear that there is no constitutional infirmity in the taxation of the same intangible property by two states. State Tax Commission of Utah v. Aldrich, 316 U.S. 174, 62 S.Ct. 1008, 86 L.Ed. 1358 (1942). This was recognized by this Court in State ex rel. United States Sugar Corp. v. Gay, 46 So.2d 165 (Fla. 1950). The wariness exhibited by the Court in Starkey is not now a valid basis for limiting the Legislature's clear mandate.
We are in agreement with the views expressed by the district court. Chapter 199 taxes all intangible personal property owned by a Florida, domiciliary corporation unless specifically exempted. No statutory exemption applies to the intangibles involved here. In order to harmonize the law of the state as it is reflected in published opinions, we now expressly disclaim the existence of a general foreign business situs exemption to the intangible personal property tax. The decisions of *420 this Court in Starkey, Smith and Wood are clarified accordingly, and the decision of the First District Court of Appeal is affirmed.
ADKINS, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
NOTES
[1] 138 Fla. 301, 189 So. 385 (1939).
[2] 149 Fla. 660, 6 So.2d 625 (1942).
[3] 148 Fla. 66, 3 So.2d 490 (1941).
[4] See, First Bank Stock Corp. v. Minnesota, 301 U.S. 234, 57 S.Ct. 677, 81 L.Ed. 1061 (1931); Farmer's Loan and Trust Co. v. Minnesota, 280 U.S. 204, 50 S.Ct. 98, 74 L.Ed. 371 (1930).