Mr. William D. Townsend General Counsel Department of Revenue The Carlton Building Tallahassee, Florida 32301
Dear Mr. Townsend:
This is in response to a request from Larry Levy, the former General Counsel, for an opinion on substantially the following question:
ARE CARE AND MAINTENANCE TRUST FUNDS OF CEMETERIES AND TRUST FUNDS ESTABLISHED IN CONNECTION WITH PRENEED FUNERAL MERCHANDISE OR SERVICE CONTRACTS, REGULATED RESPECTIVELY BY CHS. 497 AND 639, F.S., FOR THE PURPOSE OF MAINTENANCE OF SUCH CEMETERIES EXEMPT FROM THE PAYMENT OF INTANGIBLE PERSONAL PROPERTY TAXES?
Your letter of inquiry states that the Department of Revenue has recently received a request from a banking institution, as trustee, concerning the status of the above-described trust funds vis-a-vis payment of intangible personal property taxes. Supplemental information furnished by you to our office indicates the types of trust funds concerned are those care and maintenance trust funds of for-profit cemeteries regulated by Ch. 497, F.S., and trust funds established in connection with preneed funeral merchandise or service contracts regulated by Ch. 639, F.S. See, §§ 497.021-497.025, 639.11. Note also, the exceptions to coverage of Ch. 497 enumerated in § 497.003 for certain nonprofit or public entities.
Additionally, you state that the Department of Revenue has, since January 1972, consistently taken the position that perpetual care and maintenance trust funds, required to be established by statute by for-profit cemetery companies, were not exempt from payment of intangible personal property taxes. You note that the Department of Revenue has strictly construed the exemptions granted in § 199.072(2), F.S., according to the provisions of Rule 12C-2.03, F.A.C. Thus, exemptions have been granted to church, municipal, county and certain qualified institutions' cemeteries, and trust funds established for the care and maintenance thereof, but only if the provisions of § 199.072(1)(a) or (2), F.S., were satisfied as determined under Rule 12C-2.03. You also note that the Department of Revenue has denied claims of exemption by certain "cemetery companies" and banks on behalf of trust funds required for "preneed contracts." You note that these denials were essentially responses to claimed exemptions on intangible tax returns or informal responses to requests for advice.
For the following reasons, it is my opinion that such trust funds are not exempt from the payment of intangible personal property taxes, and thus your question is answered in the negative.
Section 3(a), Art. VII, State Const., provides in pertinent part that "[s]uch portions of property as are used predominantly for . . . charitable purposes may be exempted by general law from taxation." Chapter 199, F.S., the "Intangible Personal Property Tax Act" was enacted into law by Ch. 71-134, Laws of Florida. That act repealed Ch. 199, F.S., as it then existed and adopted a new Ch. 199 in lieu thereof. See, § 199.032(1) which levies an annual tax of "1 mill on the dollar of the just valuation of all intangible personal property, except money as defined in s. 199.023(1)(a), and except notes, bonds, and other obligations for payment of money which are secured by mortgage, deed of trust, or other lien upon real property situated in the state;" and see, § 199.023(1), F.S., which defines intangible personal property for the purposes of Ch. 199. Section 199.072 enumerates certain types of intangible personal property that shall be exempt from the tax imposed by Ch. 199, subsection (2)(a) thereof providing:
There shall also be exempt from the tax imposed by this chapter intangible personal property owned by nonprofit religious, nonprofit educational, or nonprofit charitable institutions. (e.s.)
Subsection (2)(b) of § 199.072, additionally provides:
The provisions of this subsection authorizing exemptions from tax for religious, educational, and charitable institutions shall be strictly defined, limited, and applied in each category as follows. . . ." (e.s.)
The statute goes on to delineate precise categories for "religious institutions," "educational institutions," or "charitable institutions." Note especially the definition of "charitable institutions" contained in § 199.072(2)(b)3., which provides "only nonprofit corporations operating physical facilities in Florida at which are provided charitable services, a reasonable percentage of which shall be without cost to those unable to pay, and those institutions qualified as charitable under s. 501(c)(3), United States Internal Revenue Code, 1954." And see, Rule 12C-2.03, F.A.C., enumerating exemptions from payment of intangible personal property tax, particularly subsection (10) defining those institutions which qualify under § 199.072 for exemption.
Chapter 199, F.S., taxes all intangible personal property owned by a Florida domiciliary corporation unless specifically exempted. Florida Steel Corporation v. Dickinson, 328 So.2d 418
(Fla. 1976). Judicial decisions in this state have clearly held that exemptions in a taxing statute are to be strictly construed against the taxpayer. See, e.g., State Department of Revenue v. Anderson, 403 So.2d 397 at 399 (Fla. 1981), on remand,405 So.2d 242 (3 D.C.A.Fla., 1981); State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529
(Fla. 1973); United States Gypsum Company v. Green,110 So.2d 409 (Fla. 1959); Dade County Taxing Authority v. Cedars of Lebanon Hospital Corp., Inc., 355 So.2d 1202 (Fla. 1978); Wanda Marine Corporation v. State, Department of Revenue, 305 So.2d 65 (1 D.C.A.Fla., 1974); Straughn v. Camp, 293 So.2d 689
(Fla. 1974). Moreover, as noted above, subsection (2)(b) of § 199.072, F.S., itself specifically provides that the exemption for nonprofit institutions in that subsection "shall be strictly defined, limited, and applied" (e.s.) Additionally, under the rule of construction expressio unius est exclusio alterius since § 199.072 presents an express enumeration of exempt property, no other exemptions may be implied. See, e.g., Wanda Marine Corporation v. State, Department of Revenue, supra at 69-70.
In view of the above and in light of the statutory definition[1]
of nonprofit "charitable institutions" provided by (2)(b)3., it does not appear that the trust funds in question qualify for exemption from payment of intangible personal property taxes required by Ch. 199, F.S., since the entities described in your letter (those cemetery or funeral service companies described above) do not fall within the categories of "nonprofit" or "charitable" institutions as those terms are defined and used in § 199.072, F.S., and in Rule 12C-2.03, F.A.C. Compare, § 497.003, F.S., which enumerates exceptions (nonprofit or public entities) from the coverage of Ch. 497's principal requirements. This view is in accord with the position of the Department of Revenue since 1972; that position, as a contemporaneous administrative construction of § 199.072, is entitled to deference. A departmental construction of a statute by an agency charged with its enforcement and interpretation, and authorized to make reasonable rules and regulations thereunder, is presumed to be valid and is accorded considerable weight, unless it is shown to be clearly erroneous or unauthorized and contrary to the intent of the statute before a court of competent jurisdiction. Attorney General Opinion 77-64, citing Szabo Food Service, Inc., supra, 286 So.2d 531; State ex rel. Bennett v. Lee, 166 So. 565
(Fla. 1936).
As noted above, a new Ch. 199 was enacted in 1971; the Attorney General's Opinion referred to in your inquiry (AGO 63-3) which apparently was raised by the banking institutions in question was based on the 1963 version of Ch. 199. That opinion concluded that with reference to the intangible tax liability for trust funds established for the care and maintenance of cemeteries generally and not for particular lots or tracts, that such trust funds established pursuant to §§ 559.43 (now 497.023) and 608.60, F.S., 1963, were not subject to intangible personal property taxes under § 199.11, F.S. 1963. Section 199.02(5), F.S. 1963, succinctly provided for exemption of intangible personal property belonging to "any . . . charitable . . . association . . .," while as discussed above, the modern version of this statute — § 199.072 — expressly defines and limits the scope and applicability of this exemption. Thus, the language of the 1963 statute allowed for a freer interpretation of the term "charitable" as used therein, while the current version simply does not allow such latitude.
Accordingly, it is my opinion until legislatively or judicially determined otherwise that pursuant to the express provisions of § 199.072, care and maintenance trust funds of cemeteries for profit for the purpose of maintenance of such cemeteries and trust funds established in connection with preneed funeral merchandise or service contracts, regulated respectively by Chs. 497 and 639, F.S., are not exempt from payment of intangible personal property taxes levied by Ch. 199.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] See, Rule 12C-2.03, F.A.C., enumerating exemptions from payment of intangible personal property tax, particularly subsection (10) which defines those institutions that qualify under § 199.072 for exemption. Subsection (10)(c) of this rule expressly provides, in pertinent part: "Charitable institutions shall mean only nonprofit corporations operating physical facilities in Florida at which are provided charitable services, a reasonable percentage of which shall be without cost to those unable to pay and those institutions qualified as charitable under Section 501(c)(3), U.S. Internal Revenue Code, 1954." (e.s.) Subsection (10)(e) requires that property of such organizations is exempt "only when held and used exclusively for religious, benevolent, or charitable purposes," (e.s.) citing AGO 62-69. Note also, the incorporation by reference in Rule 12C-2.03(10)(c) of Section 501(c)(3) I.R.C., which provides that no part of the net earnings of such an organization or fund can inure to the benefit of any private individual.